NEW YORK,
May, 1817.

WHITNEY
v.
STERLING.

———◦ ❊ ◦———

WHITNEY AND BANCROFT *against* STERLING AND HUNTER, *who are impleaded with* SAMUEL BROWN AND JACOB BROWN.

THIS was an action of *assumpsit* for goods sold and delivered, which was tried before Mr. Justice *Van Ness*, at the *Jefferson* circuit, in *June*, 1816. The defendants, *Hunter* and *Sterling*, had been taken upon the *capias;* the other two defendants were returned *not found*.

The goods in question were purchased of the plaintiffs by the direction of *Samuel Brown*, on account of the firm of *Hunter, Sterling & Co.*, of which firm *Samuel Brown* was proved to be a partner with the defendants, *Hunter* and *Sterling*. A witness stated

General reputation, connected with corroborating circumstances, will be sufficient, at least *prima facie*, to establish the fact, that A. was a partner with B and C. And if B. and C. have acknowledged the existence of articles of copartnership between them and A, which, upon due notice, they refuse to produce

at the trial, the jury may reasonably infer that, if produced, they would have shown the fact of a partnership. But the mere acknowledgments of B. and C. that A. was their partner, would not be sufficient to charge him. On a case subject to the opinion of the court, the same conclusion will be drawn from the evidence as the jury would have been authorized to make

that he had heard *Hunter* and *Sterling* say, that *Samuel Brown* and *Jacob Brown* were partners with them; and that *Jacob Brown* was publicly and universally reputed to. be a partner of the firm, which the witness had never heard contradicted by any one. The witness also stated, that *Samuel Brown*, at the same time, had a store in *Brownville*, the store of *Hunter*, *Sterling & Co.* being at *Adams*, in *Jefferson* county, and that he had often seen *Jacob Brown* there, examining the books, accounts, and property in the store, which he appeared to be doing as a partner; and that when *Samuel Brown* took the benefit of the insolvent act, in 1811, the goods in the store at *Brownville* were disposed of to *Hunter, Sterling & Co.*, and sent to the store in *Adams*. Two other witnesses stated the acknowledgments of *Hunter* and *Sterling* that *Jacob Brown* was a partner with them, and the general reputation of the fact. One of these witnesses testified, that he had requested *Hunter* and *Sterling* to show him the articles of copartnership, which they refused to do, alleging that they were indemnified by *Jacob Brown*, and that it would be improper to do so. The defendants were called upon by the plaintiffs' counsel, under a notice duly served, to produce the original articles of copartnership of the firm of *Hunter, Sterling & Co.*, which they refused to do. A. verdict was found for the plaintiffs, subject to the opinion of the court.

The case was submitted to the court without argument.

*Per Curiam.* The only question in this case is, whether the testimony was sufficient to charge *Jacob Brown* as a partner with the other defendants. It is abundantly proved, that the other defendants were in partnership, and, so far as general reputation would go to establish the fact, *Jacob Brown* was also one of the firm of *Hunter, Sterling, & Company*, to whom the sale of the goods in question was made.

There was no objection to the testimony of general reputation. It must, therefore, be considered as evidence in the cause, and as forming a part of the testimony upon which the jury was to determine the fact of partnership. Nor could any objection have been made to such evidence. Whether general reputation ought to be sufficient, may be questionable. But such testimony is competent; and there are several circumstances in the case, which go very much in corroboration of it. The bare declara-

tions of *Hunter* and *Sterling* could not be received, to charge *Brown* as a partner. But their confessions went to establish the fact, that articles of partnership were entered into between the parties, composing the firm of *Hunter, Sterling, & Co.* Notice had been given to produce those articles, and the defendants refused to produce them. This refusal afforded strong grounds of suspicion, that if produced they would have shown that all the defendants were partners; and the jury would have been warranted in drawing every reasonable inference against the defendants, by reason of such refusal. The two *Browns* were not before the court to object to any of the evidence; they, however, will not be affected by the judgment, unless property belonging to all the defendants, jointly, can be found upon which to levy the execution. *Hunter* and *Sterling* cannot complain, because the testimony fully establishes their confessions, that the firm of *Hunter, Sterling, & Co.* was composed of the four defendants. This being a case subject to the opinion of the court, we must draw the same conclusions from the evidence that the jury would have been authorized to draw; and the evidence was enough, at least *prima facie*, to establish the partnership. The plaintiffs are accordingly entitled to judgment.(*a*)

<div style="text-align:center">Judgment for the plaintiffs.</div>

(*a*) Vide *Drake and Pinkney* v. *Elwyer and others*, 1 Caines' Rep. 184. *Whitney* v *Ferris*, 18 *Johns. Rep.* 66.