## A. JEWETT *versus* S. D. STEVENS and N. D. STEVENS.

It is not a legal ground for granting a new trial, that incompetent evidence was introduced to prove a fact, if the fact, when proved, was wholly immaterial in the decision of the cause.

ASSUMPSIT, upon a note, for $150, dated June 7th, 1825, payable, to the plaintiff, in three years, with interest, and made by the defendants.

The cause was tried here, upon the general issue, at May term, 1831, when the note was produced, and the signature of the defendants proved.

Evidence was then introduced, by N. D. Stevens, tending to prove that, in 1825, S. D. Stevens, wanting money, employed one N. Davis, to procure it. Davis applied to W. and B. who gave him encouragement that they would furnish the money. This note was then made, a blank being left for the name of the payee and for the date ; and, in this state, the note was delivered to S. D. Stevens, who carried it to W. but he refused to accept it. S. D. Stevens then applied to this plaintiff, who made a note, with him, for $150, dated June 8, 1825, payable to W. This note was carried to W, and $100 advanced upon it, and $50 endorsed upon it as paid. As an indemnity to the plaintiff for signing that note, the blanks in this note were filled and the note passed to the plaintiff.

It also appeared that S. D. Stevens conveyed, to the plaintiff, a tract of land, of the value of $375, as security for his signing said note. This conveyance was absolute, but, afterwards, an agreement was written on the back of the deed, that, upon the payment of a certain sum, the conveyance should be void.

The plaintiff gave, in evidence, an affidavit, made by S. D. Stevens, tending to prove that the said $100 received of W., was received for the use of both the defendants.

It was submitted to the jury to say whether the money was borrowed, of W., for the use of both the defendants, with directions to find for the plaintiff, if they believed it was so borrowed.

The jury having returned a verdict in favor of the plaintiff, the defendants moved for a new trial on the ground that the affidavit of S. D. Stevens had been improperly admitted in evidence.

*Quincy*, for the plaintiff.

*Britton*, for the defendants.

*By the court.* It was supposed, at the time this action was tried, that, if the money was in fact borrowed of W.,

for the use of S. D. Stevens, N. D. Stevens must be considered as a surety entitled to the benefit of the security which the plaintiff had in the land. But this is a mistake. He cannot be considered as a co-surety with the plaintiff, for he did not sign the note to W., on which the $100 was advanced. This note was delivered to the plaintiff, as a security, by both the defendants, and, in relation to him, they are both principals. It was, therefore, wholly immaterial whether the money was borrowed, of W., for the use of both the defendants, or not.

If it had been material, to the plaintiff, to prove that the money was, in fact, borrowed for the benefit of both the defendants, the affidavit of S. D. Stevens would not have been competent evidence to prove that fact. 6 Pick. 464, *Robbins* v. *Willard* ; 5 ditto, 414 ; 3 Starkie's Ev. 1072 ; 1 Starkie's Rep. 81 ; 10 Johns. 216 and 66 ; 14 Johns. 215.

But it now appearing that the affidavit was admitted to prove what was wholly immaterial in the decision of the cause, its admission furnishes no just ground for a new trial.

*Judgment on the verdict.*