## GRAFTON BANK *vs.* MOORE.

In an action against several persons as partners, the declarations of one of them, who admits himself to be a partner, are not admissible to prove that another is a member of the firm.

Nor is general reputation that the defendants are partners, competent evidence to prove the partnership.

In order to prove that the defendant was a partner with others, evidence was introduced that a person who wished to ascertain if the firm were solvent, called on the defendant, who told him that Ellis (a member of the firm) had done the business of the company, and that he, the defendant, knew nothing about it ;—*Held,* that as it did not appear what was the conversation between the parties prior to

the remark made by the defendant, and which might explain it, his declaration did not tend to prove that he was a member of the firm.

ASSUMPSIT, upon a bill of exchange drawn by Moses P. Little upon Ellis, Little and Company, payable to the order of the drawer, and accepted by the drawees.

No service was made upon any of the defendants excepting Moore, and at the trial of the case upon the general issue, the only question was whether Moore were a member of the firm of Ellis, Little and Company.

It appeared in evidence that the bill was discounted by the bank on the 21st day of August, 1839, and that, a few days previous, Little called on the cashier, and told him that Moore was a member of the firm.

There was also evidence that the firm was engaged in the business of buying and selling lumber, and that, from the year 1835 to the year 1839, Moore and Little lived at Littleton. In the year 1839, the agent of a factory at Gilmanton, being about to sell some goods to the company, called on Mr. Farr, at Littleton, to ascertain if the company were responsible, and was told, that whether Ellis and Little were responsible or not, the credit of Moore was good. The agent then called on Moore, who said that Little had done the business of the company, and that he, Moore, knew nothing about it. Nothing further was said on the subject. There was no evidence that the company were engaged in any other business than that of buying and selling lumber.

The plaintiff also offered evidence that it was generally reported in Littleton that Moore was a member of the company. There was also evidence that, in the year 1837, former members of the company had said that Moore was a member of it.

Upon this evidence a verdict was taken, by consent, for the plaintiff, subject to the opinion of the court.

*Joseph Bell*, for the plaintiff.

*Ainsworth*, for the defendant.

GILCHRIST, J. In an action against several persons, whom it is attempted to charge as partners, the decisions of the courts are nearly uniform, although, perhaps, one or two authorities may be found to the contrary, that upon the question whether a partnership exist, the declarations of one partner are admissible only to charge himself, and are incompetent to prove that any other person is a member of the firm. In such cases the question is, whether the defendants be jointly liable ? Each one may admit his own liability, as far as he may choose ; but when the attempt is made to charge third persons with a debt, upon his mere declaration, the evidence is merely hearsay, and does not come within any of the exceptions which permit the introduction of such proof. Some of the cases in which this principle is asserted, either directly or incidentally, are, in New-York, *Whitney* vs. *Ferris*, 10 *Johns.* 66 ; *Sweeting* vs. *Turner*, 10 *Johns.* 216 ; *Whitney* vs. *Sterling*, 14 *Johns.* 215 ; *Harris* vs. *Wilson*, 7 *Wend.* 57 ; in Massachusetts, *Tuttle* vs. *Cooper*, 5 *Pick.* 414 ; *Robbins* vs. *Willard*, 6 *Pick.* 464 ; in Maine, *Jennings* vs. *Estes*, 4 *Shepley*, 323 ; by Mr. Justice Story, *Van Reimsdyk* vs. *Kane*, 1 *Gall.* 635 ; and in England, *Sangster* vs. *Mazzaredo*, 1 *Stark. Rep.* 161; *Wood* vs. *Braddick*, 1 *Taunt.* 104, and *Dolman* vs. *Orchard*, 2 *C. & P.* 104. The point that such evidence is incompetent, is, therefore, now too well settled to admit of inquiry.

Evidence is also offered to prove that Moore is a partner, by his admissions. The agent of a factory at Gilmanton desired to know whether the firm of Ellis, Little and Company were responsible. But his object was not to know who constituted the partnership. He called on Moore, who told him that Little had done the business of the company, and that he knew nothing about it. Is this declaration competent to be submitted to the jury, as tending to prove that Moore admitted himself to be a member of the firm ? If the agent had asserted, in Moore's presence, that he was a member of the firm ; or if Moore must have understood, from

the manner in which the inquiries were made, that the agent was addressing him as a partner, his omission to deny his liability might be competent evidence that he was liable. But the case does not state what was said to Moore, or the manner in which it was said; all we know is, that in answer to something said by the agent, Moore said that Little had done the business of the firm, and that he, Moore, knew nothing about it. The agent might have addressed him as an indifferent person; as one who had access to no better sources of information than those common to all. This is not improbable; or, at least, there is nothing in the answer of Moore which might not, probably, have been said by any person in the vicinity who knew that there was such a firm. It implies no particular knowledge of the affairs of the partnership. His remark might have been made in entire ignorance that he was supposed to be liable. And it would be extremely unjust to hold that he had admitted a fact which he was interested to deny, unless it should appear that it was done intelligently, and unless his language should be susceptible of only one sensible construction. And as we are not informed what was the conversation between the parties which preceded the remark of Moore, and might be explanatory of it, we think the evidence as it now appears does not tend to prove that Moore was a member of the firm.

The case, also, raises the question whether common report that a partnership exists among the defendants, be competent evidence to prove the partnership. In the case of *Whitney* vs. *Sterling*, 14 *Johns.* 215, such evidence was admitted, and no objection was made to it at the trial. The court say that no objection could have been made to it; that whether general reputation ought to be sufficient, is questionable, but that such testimony is competent. Evidence of the same character was also admitted, or recognized as competent, in *Gowan* vs. *Jackson*, 20 *Johns.* 176; and in *McPherson* vs. *Rathbone*, 11 *Wend.* 96, Savage, C. J., says, " it was undoubtedly competent to have proved the partnership of all

these defendants by general reputation." It is to be remarked that in none of these cases is any authority cited for the position.

These decisions were all reviewed by Mr. Justice Cowen, in delivering the judgment of the court in the case of *Halliday* vs. *McDougall*, 20 *Wend.* 81. In commenting upon the case of *Whitney* vs. *Sterling*, 14 *Johns.* 215, the learned judge remarks, that when the court say the evidence was competent, it must be understood that it was so because no objection had been made. This is not precisely correct, as the court said that no objection *could* have been made to it. The result at which he arrives is, that reputation is incompetent evidence, either standing alone or in corroboration of other evidence; and the earlier cases in New-York must, therefore, be considered as overruled.

In Pennsylvania, in the case of *Allen* vs. *Rostain* 11 *Serg. & R.* 373, it was incidentally remarked by Tilghman, C. J., that general reputation was corroborative evidence, but was insufficient standing alone.

We are not aware that the doctrine has ever received the sanction of any court but those of New-York and Pennsylvania; tribunals, it is true, entitled to much respect. We have found no allusion even to it in two late treatises by lawyers of distinguished eminence; Greenleaf on Evidence, and Story on Partnership; and in England, the attempt to introduce such evidence seems never to have been made. Its competency is denied by several decisions of authority, one of which is *Bryden* vs. *Taylor*, 2 *Har. & Johns.* 396, and another is *Brown* vs. *Crandall*, 11 *Conn. Rep.* 92. In the latter of these cases Mr. Justice White says, that "a person of doubtful credit might cause a report to be circulated that another was in partnership with him, for the very purpose of maintaining his credit. His creditors, also, might aid in circulating the report, for the purpose of furnishing evidence to enable them to collect their debts." It may be added, says Mr. Justice Cowen, that, independent of sinister misrepresent-

ations, there is scarcely a question upon which common reputation is more fallible. A contract of partnership is, in its nature, incapable of being defined by laymen; and whether an apparent partnership be really so, or a contract of some other character, is often a most embarrassing legal question with the ablest lawyer. General reputation of the more ordinary contracts, the legal nature and effect of which are understood by men of business in general, would be a much more proper subject of proof by general report.

To these authorities may also be added the cases of *Goddard* vs. *Pratt*, 16 *Pick.* 412, and *Pitcher* vs. *Barrows*, 17 *Pick.* 361.

The judgment of the court is, that the evidence was inadmissible, that the verdict should be set aside, and that there should be a

*New trial.*