at a future time, it is a waiver of the implied lien upon the land sold, for the purchase money.

Decree modified by dismissing bill without prejudice to complainant's right in any future litigation, and denying defendant, Wyckoff, costs against complainant.

*Nathaniel W. Howell* v. *James L. Ripley et al. James Holford* v. *George Spafford and wife.* C. G. HAVENS, for appellant; M. M. DAVIDSON, for respondent. Order appealed from reversed with costs. Proceedings to be remitted.

*Nehemiah Brush* v. *James Anderson.* L. H. SANDFORD, for appellant; S. SHERWOOD, for respondent. Decided in this case that an order for the production of copartnership books which belong equally to both parties to the suit, may be obtained as a matter of course where the defendant swears that he is unable to put in a full and perfect answer without an inspection of such books. *Production of books.*

Order appealed from affirmed, and cause remitted to vice chancellor.

*Valentine Everitt et al. Ex'rs, &c.* v. *George Watts.* M. S. BIDWELL, for appellant; J. P. ROLFE, for respondents. *Plea when to be supported by answer.*

Decided that a defendant who, to a bill for an account, puts in a plea denying the existence of a partnesrship, must support it by an answer and discovery as to every circumstance charged in the bill as evidence of the partnership.

Decision of the vice chancellor overruling plea, affirmed with costs.

*William Johnson* v. *George L. Thatcher.* WARING & RALPH, for appellant; C. JUDSON, for respondent. Order appealed from affirmed with costs, and interest allowed on amount of fine imposed, by way of damages by reason of the appeal; with liberty to prosecute appeal bond if amount is not paid in ten days after service of taxed bill of costs.

*James Smith et al.* v. *Robert G. Ballantyne et al. adm'rs &c.* J. A. HUGHSON and A. TABER, for complainants; T. H. WHEELER and R. W. PECKHAM, for defendents. Appeal from a decretal order overruling the demurrer of the defendants, and directing them to pay the complainants judgment. The court decided in this case that where a suit *Creditor's bill against the representatives of a deceased defendant.*

at law is commenced against two defendants, one of whom dies before the trial; after which judgment is obtained against the survivor and an execution issued against him, and returned unsatisfied, the plaintiffs in such suit, upon a bill filed here, showing the existence of a joint debt against the two defendants at the time of the death of the decedent, and that the survivor has no property, may claim payment of the judgment out of the property of the decedent, whether the debt was a partnership debt, or a joint indebtedness of any other description.

*Facts necessary to be stated in.* But that to entitle the complainants in such a suit to any relief against the estate of the decedent, their bill must state a joint indebtedness by the defendants in the suit at law, and the nature and particulars thereof, in the same manner as if no suit had ever been commenced thereon : to enable the persons representing the estate of the decedent in this court to make a proper defence if they have any.

Decree appealed from reversed with costs, and demurrer allowed. Complainants to pay costs and amend bill in sixty days, or bill to be dismissed.

*George I. Bechtel et al.* v. *Brittain M. Cutler et al.* G. A. SHUFELDT and J. HOLMES, for complainants; C. O'CON- *Receiver on creditor's bills.* NOR, for defendants. The chancellor refused to appoint a receiver as to assigned property upon a creditor's bill, where the defendant and the assignee swore that the whole of the assigned property was not sufficient to pay the debts for the security of which it was assigned, and that there was no intention to defraud creditors.

The application was made before the defendants had answered.

Order appealed from affirmed, but without prejudice to right to renew application after the putting in of the answers.

*Judiah Ellsworth* v. *Lewis Curtis et al.* ELLSWORTH, complainant, *pro se ;* O. L. BARBOUR and N. HILL, JR., for defendants.

Motion by complainant to take defendants' answer and disclaimer off the files of the court. The chancellor decided