## BURNHAM *v.* SWEATT & a.

The declaration of a defendant who has been defaulted, is not in general evidence against his co-defendant.

ASSUMPSIT upon the defendant's note dated June 26, 1841, payable to the plaintiff.

Sweatt was defaulted.

Parkhurst pleaded the general issue, and set up in defence, his incapacity to make a binding contract at the date of the note, by reason of imbecility of mind.

Among other circumstances Parkhurst gave evidence tending to show, that he was induced to sign and did sign this note and several other notes to a large amount (upon some of which suits are pending), about the same time, as surety for said Sweatt; and that Sweatt was not possessed of much if any visible estate at the time.

To rebut this evidence, the plaintiff proved the declaration of Sweatt made since the commencement of the term, that it belonged to Parkhurst to pay the notes in suit, and that Parkhurst had the money upon them.

To this evidence on the part of the plaintiff the defendant objected, but the objection was overruled and the defendant excepted.

A verdict was returned for the plaintiff, which the defendant moved to set aside for error in said ruling.

*Wilcox,* for the defendant. Evidence of the declaration of Sweatt was improperly admitted. *Jewett* v. *Stevens,* 6 N. H. 80, is decisive to the point. 1 Greenl. Ev. 206. The admission of one defendant is not sufficient to bind the other, when the admission relates to the only point in issue. The case is like that of a partnership where the partnership is the fact in issue. Sweatt was admissible as a witness.

Burnham *v.* Sweatt.

*Kittredge,* for the plaintiff. Where the interest is joint, the declarations of one of the parties are evidence against the other. 2 Stark. Ev. 45. And in such case the declarations of one, though not a party to the suit, are evidence against the other.

So as to several makers of a note. Doug. 652; 2 Stark. 44. So the declaration of one partner that he contracted on his sole account, is evidence against all that the contract was not that of the firm. 1 Maul. & Selw. 249; Bac. Abr., Evi. 623.

In an action against A, and B as surety, A's admissions after his discharge in bankruptcy were evidence against B, the suretyship having been admitted. 3 Day 309, cited in Ph. Ev. 33; 17 Mass. 222; 2 Met. 522, decides that in an action against a cashier and his surety, the admissions of the latter are admissible in evidence.

In *Hinkley* v. *Davis,* 6 N. H. 210, in an action against a surety, the admissions of the principal were received as evidence, he having deceased.

In the present case the note was joint, there is a joint action, the signing is admitted. There can be no judgment against Sweatt if not against Parkhurst. Sweatt could not have been used as a witness. A plaintiff can not compel a defendant to testify.

WOODS, J. In this action Sweatt has suffered default, and Parkhurst has set up in defence his mental incapacity to make a contract. To show this fact, he has proved that he signed this and many other notes as surety of Sweatt. To rebut this evidence, the plaintiff was suffered to prove that Sweatt had declared that Parkhurst, and not himself, was the principal, and that Parkhurst ought to pay the note.

We will suppose it to be material to the plaintiff's case to show, that on the notes to which Parkhurst became party with Sweatt, he and not Sweatt was the principal;

are the declarations of Sweatt competent evidence to prove the fact?

The general rule is stated by Professor Greenleaf to be, that though the admissions of a party to the record are generally receivable in evidence against him, yet where there are several parties on the same side, the admissions of one are not permitted to affect the others who may happen to be joined with him, unless there is some joint interest or privity in design between them. 1 Greenl. Ev., section 174.

This rule is certainly founded in good sense and justice; for the consequences might be very injurious in many cases, if parties who have been brought together as defendants by the mere act of the plaintiff, might prejudice one another by their admissions or declarations.

On the other hand it is an admitted rule of evidence, that where several are shown by proper evidence to be acting in concert, in the furtherance of a common object, the acts and declarations of one connected with the prosecution of that object, may be regarded as the acts and declarations of all, and are admitted in evidence as such.

Many illustrations of that rule, applied as well to criminal as to civil cases, and to actions upon contracts as well as to actions sounding in tort, are furnished by the authorities.   Greenl. Ev., sections 111, 112.

The case of a co-partnership is a familiar one; where by the nature of the association and for the promotion of its objects, the act of one is regarded in law as the act of all the associates and binds them all equally, so far as it is connected with any of the common objects or interests of the firm.   The power of one to bind the others by an original contract, involves the power of altering a contract when made, and gives force and effect to the admissions which he may make touching the affairs of the firm, as if they were the admissions of each and every member of it.

Burnham *v.* Sweatt.

But there is nothing in the ordinary relations of mere joint contractors or joint makers of a promissory note, that should empower one of them to act for the others, or that should involve one or more of them in the consequences of the acts or admissions of any of the others.

There are indeed authorities to be found to a contrary effect. *Whitcomb* v. *Whiting*, 2 Dougl. 652; *Amherst Bank* v. *Root*, 2 Met. 542, and many others to the point, that the admissions of one standing in such a relation binds the others. But the principle of these cases is not admitted in this State. *Exeter Bank* v. *Sullivan*, 6 N. H. 124.

Some of the cases cited in argument, in which sureties have been held to be bound by the admissions of their principals, have proceeded upon the ground that those admissions related to matters within the peculiar knowledge of the principals, and were contrary to their interests, as tending to charge them with sums of money or defalcations of some sort. They are considered somewhat in *Hinkley* v. *Davis*, 6 N. H. 210.

But the general principle must be admitted to be, as there announced, that the admissions of one party are not evidence against another, whether they are co-defendants in a suit or not.

Whether Sweatt, having suffered a default, might have been called by the plaintiff as a witness against Parkhurst, is a question on which there is not a perfect harmony of the authorities, and on which the case does not require a present decision. 1 Greenl. Ev., section 356.

The case of *Jewett* v. *Stevens*, 6 N. H. 80, presented points of resemblance to the one under consideration, and is regarded by the defendant's counsel as having decided the point here raised. The point was perhaps rather conceded than decided; but the concession appears to rest upon sound reasons, and we can not entertain a reasonable doubt of its correctness. See also 6 Pick. 464, and 14 Johns. 215.

It has been suggested that the admission of Sweatt was against his own interest, and therefore evidence. He had no doubt an interest in defeating the action by establishing the defence of his co-defendant, since that event would have absolved him from his liability to costs in the suit. But he had a greater interest in establishing the fact that he was himself the mere surety of Parkhurst, and in repelling the assumption of the latter that Sweatt was the principal. It can hardly be said, therefore, that the admission or declaration was against his own interest, supposing that to have made it competent evidence.

The conclusion is that the verdict must be set aside and a

*New trial granted.*