Henry C. Adams, Appellant, v. Richard J. Morrison, Public Administrator, Impleaded, etc., Respondent.

It is only when there is a general reputation that two or more persons are copartners, and they knowing it, permit others to act upon it, who, induced thereby, give credit to the reputed firm, that these facts can be proved and availed of to estop the reputed members of the firm from denying its existence, and then only in favor of such outside parties.

In an action wherein plaintiff sought to establish a copartnership between himself and defendant's intestate, as attorneys, plaintiff, as a witness in his own behalf, was allowed to testify to declarations of the deceased to third persons in his presence to the effect that they were copartners. He was then asked: "Who received the receipts of the office?" "Was money paid into the office?" and offered to testify that he did not receive money paid into the office for business done in the office, and that the charges made in a certain case, in which he appeared as attorney, were paid to decedent. This was excluded as immaterial and incompetent under the Code of Civil Procedure (§ 829.) *Held*, no error.

Plaintiff offered to prove, by his own testimony, that about the time he claimed the partnership was formed the deceased made an entry in his presence, in a docket or register, of name of himself and plaintiff as a firm. This was objected to as incompetent under the said Code and excluded. *Held*, no error; that it involved a personal transaction between the witness and deceased.

(Argued March 15, 1889; decided March 26, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made November 24, 1886, which affirmed a judgment entered upon a decision of the court dismissing the complaint.

The nature of the action and the facts are sufficiently stated in the opinion.

*Z. S. Westbrook* for appellant. A partnership existed betweed plaintiff and defendant's intestate. (2 H. B. L. 235; 1 Smith's L. C. 974, 1180; Colyer Part. § 2; 3 Kent's Com. 23, 24; 3 Harrison, 485; 10 Me. 489.) That a partnership existed may be proved, in the absence of a distinct contract, verbal or written, by acts, facts and circumstances sufficient to establish a *quasi* partnership. (1 Caines, 184; 9 C. B. 457; 3 C. B. [N. S.] 562, 563; 9 Bing. 117; 3 Harr. 358; 4 id. 190; 6 Conn. 347; 1 Pars. on Con. 156, note *z*.) The partnership may be inferred from various circumstances. (4 Russ. Ch. 247; 2 Bli. [N. S.] 215; 3 Bro. P. C. 548; 5 id. 482; 1 Stark. 81 v., 405; *Peacock* v. *Peacock*, 2 Camb. 45; *Fromont* v. *Coupland*, 2 Bing. 170.) As against one defendant, evidence of his own admissions, or that he represented or conducted himself in such a manner as to induce belief, etc., is competent for the purpose of proving the existence of a firm. (3 Watts [Pa.] 101; 62 Penn. St. 374; 17 Serg. & Rawle, 453, 458; 15 Mass. 388, 389; 17 Vt. 449; 49 N. Y. 601, 617.) Holding out, etc., is enough to hold a legal presumption of partnership. (61 N. Y. 456.) General reputation, in connection with corroborative circumstances, may be proved in evidence of a partnership. (*Whitney* v. *Sterling*, 14 Johns. 215; *Gowan* v. *Jackson*, 20 id. 176; Cowen's Treatise [3d ed.] 93; *Halliday* v. *McDougall*, 30 Wend. 81; 22 id. 274.) It is competent to prove general reputation connected with corroborative circumstances to establish a partnership. (*Halliday* v. *McDougall*, 22 Wend. 264; *Whitney* v. *Sterling*, 14 Johns. 215; *Gowan* v. *Jackson*, 20 id. 176; *McPherson* v. *Rathbone*, 11 Wend. 98; *Allen* v.

*Rostain,* 11 Serg. & Rawle, 373.) The court erred in excluding the testimony of plaintiff as a witness in his own behalf to show that the receipts of the business transacted by himself and father were paid to the latter. (*Denise* v. *Denise,* 110 N. Y. 562, 567; *Simmons* v. *Havens,* 101 id. 427, 433; *Lerche* v. *Brasher,* 104 id. 157; *Simmons* v. *Sisson,* 26 id. 264; *Lobdell* v. *Lobdell,* 36 id. 327; *Hildebrant* v. *Crawford,* 65 id. 107; *Sanford* v. *Sanford,* 61 Barb. 293; *Cary* v. *White,* 59 N. Y. 336.) The court erred in excluding the evidence offered by plaintiff as a witness in his own behalf to show that at one time, in his presence, his father made an entry in one of the books of the law office, being a docket or register, of the firm name of "H. & H. C. Adams, September, 1841," as partners, the book having been destroyed by a fire. (*Simmons* v. *Havens,* 101 N. Y 433.)

*Robert F. Little* for respondent. General rumors or what people say is hearsay and nothing more, are not competent where a party is endeavoring to show by rumor that he was in partnership with another. The court and not the public must pass upon the circumstances that the parties had offices together, and what the public infer is irrelevant and incompetent as proof. (*Halliday* v. *McDougall,* 20 Wend. 81; *S. C.,* 22 id. 264; Lindley on Partnership [Ewell], 92, note 1; *Smith* v. *Griffith,* 3 Hill, 333–336.)

EARL, J. This action was commenced by the plaintiff to establish that a copartnership existed between him and his father, Henry Adams, from 1841 to the decease of the latter in 1875, in the practice of the law in the county of Montgomery, and for an accounting in reference to such copartnership. The trial judge found that the plaintiff and Henry Adams never carried on any business as copartners, and therefore dismissed the complaint. We think there was ample evidence to sustain the finding. There were no written articles of copartnership. There was no evidence that, during the many years which the copartnership was alleged by the plaintiff to have continued, the firm name was signed to any paper

or document in the extensive law business carried on, both by the plaintiff and his father, or that any sign was placed upon the office containing the firm name.     All suits and legal proceedings, instituted in the office occupied for many years by the two parties, were commenced either in the name of Henry Adams as attorney or in that of Henry C. Adams as attorney, but never in the name of both of them as a firm.     During a portion of the time there was a firm of Adams & Lobdell and of Adams & Darrow, and for at least one year of the time the plaintiff occupied a separate office from his father.     It also appears that for nearly twenty years before his death Henry Adams had substantially ceased to practice law; that in 1866 he moved from this state to New Jersey; that the plaintiff remained on intimate terms with his father until his death in 1875, and that this action was not commenced until 1884, about nine years after the death of Henry Adams, and nearly thirty years after he had discontinued the practice of the law. There are other facts and circumstances legitimately tending to show that he and his father were not copartners.     It was, however, possible for the trial judge to have found upon the evidence that a copartnership existed between them, but his finding that it did not exist is based upon sufficient evidence and concludes us.     The judgment must, therefore, be affirmed, unless there was some error committed in the rulings upon the trial.

The plaintiff sought upon the trial to prove the copartnership between him and his father by reputation.     The evidence was objected to and excluded.     We are not aware of any decision, or even any dictum, to the effect that, in favor of a person claiming to be a member of a copartnership, general reputation is competent for the purpose of establishing the copartnership.     In *Robinson* v. *Green* (5 Harr. 115), it was held that to prove a partnership as between partners the evidence must be stronger than in other cases.     It was said, in some of the earlier cases in this state, that general reputation was competent in favor of an outside party suing persons alleged to be partners to establish the copartnership. (*Whitney*

v. *Sterling*, 14 Johns. 215; *Gowan* v. *Jackson*, 20 id. 176; *M'Pherson* v. *Rathbone*, 11 Wend. 98; *Halliday* v. *McDougall*, 22 id. 264.) But in *Smith* v. *Griffith* (3 Hill, 333), the rule was finally settled that even in an action against persons as copartners by an outside party, evidence of general reputation is not competent to establish the existence of the copartnership. The court there said that "such evidence was unsupported by any sound or analogous principles, the rule itself of most dangerous tendency in practical operation, and one which had been rather acquiesced in, as respected a few cases, than established by any settled adjudication of this court." And since that decision evidence of general reputation has never, so far as we can find, been received in this state to establish a copartnership. As such evidence alone is not sufficient or competent to establish a copartnership, so, too, it is not competent in corroboration of other evidence. If the other evidence be insufficient to establish the copartnership, then the party bound to establish it must fail, and he cannot supply the defect in his proof by evidence of general reputation; and such is the general rule in this country and in England. (1 Lindley on Partnership [2d Am. ed.] 84, note.) But when there is a general reputation that two or more persons are copartners, and they know it and permit other persons to act upon it, and to be induced thereby to give credit to the reputed firm, these facts may be proved and may be sufficient sometimes to estop the reputed members of the firm from denying the copartnership in favor of outside parties.

Upon the trial of the action the plaintiff was a witness in his own behalf, and certain questions put to him were excluded under section 829 of the Code. He was permitted to testify to declarations made by his father to other persons in his presence, to the effect that he and his father were copartners. He was asked these questions: "Who received the receipts of the office?" "Was money paid into the office?" And he offered to testify that he did not receive money paid into the office for business done in the office, and that the charges made in a certain case in which he appeared as attorney were

paid to his father.   The evidence was objected to as irrelevant, immaterial and incompetent under section 829, and the objections were sustained.   The evidence was claimed to be competent upon the question of the existence of the copartnership.   We think that the bearing of the evidence excluded upon that question was so remote and uncertain that it could all have been excluded as immaterial, and that it is impossible to say that its exclusion prejudiced the plaintiff.   The two persons, father and son, occupied the same office and were to some extent concerned in the same business ; and whether the one or the other received the money could have but little bearing upon the question whether they were doing business as copartners.   But we think the evidence was also properly excluded under section 829.   The issue was whether there was a copartnership, and the evidence was offered to prove the facts stated by the living party for the purpose of establishing the copartnership.   If the evidence could in any way have been material, it must be because the receipt and payment of the money were transactions in which both parties were concerned. The money was paid to and received by one with the consent and acquiescence of the other, and this in some sense involved a personal transaction.

The plaintiff also offered to prove by his own evidence that about the time when he claims the copartnership was formed his father made an entry in one of the books of the office, being a docket or register, of the firm name of "H. & H. C. Adams. Sept. 1841."   This was objected to by defendants as incompetent under section 829 and excluded, and we think properly.   The offer was to show that this entry was made in the presence of the witness by his father, for the purpose of establishing the commencement or existence of the copartnership at that time.   The entry must have been made by the father as evidence to his son that he then recognized the copartnership, or by arrangement between them to furnish proof of the existence of the copartnership, or as a declaration that that was a partnership book to be kept and used as such, or for some kindred purpose ; and in any event the plaintiff

was incompetent to give the evidence. (*Holcomb* v. *Holcomb*, 95 N. Y. 316; *Clift* v. *Moses*, 112 N. Y. 426; *In the Matter of the Probate of the Will of Eysaman*, decided in this court March 12, 1889, *ante p.* 62.)

We are, therefore, of opinion that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.