ROBERT J. DAVIS and Another, as Administrators, etc., of EBENEZER DAVIS, Deceased, Respondents, *v.* SPENCER DAVIS, Appellant, Impleaded with Another.

*Express trust — Statute of Limitations — proof of personal transactions with a deceased person — Code of Civil Procedure, § 829.*

Where an uncle intrusts money to his nephew upon his agreement to deposit it in his own name in a bank, but for the uncle's benefit, the nephew becomes a trustee of an express trust and the Statute of Limitations does not begin to run against the beneficiary in such case until the trustee has openly, to the knowledge of the beneficiary, denied, disclaimed or repudiated the trust.

Upon the trial of an action brought by the administrators of the uncle who had died to recover the deposit, the nephew on his cross-examination testified that his uncle was with him at the time the deposit was made.

*Held,* that such a question put on behalf of the administrators did not open the door to evidence of further conversation between the nephew and the deceased by which the nephew sought to establish a gift of the money to him by his uncle;

That the referee committed no error in admitting evidence as to acts and declarations of the decedent where such evidence was offered for the sole purpose of showing his mental condition.

APPEAL by the defendant, Spencer Davis, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Oneida on the 10th day of November, 1894, upon the report of a referee, with notice of an intention to bring up for review upon such appeal the order for judgment, the

judgment and all questions of law and fact, together with the decision of the referee.

Ebenezer Davis was the uncle of Spencer Davis, the defendant.

*Goodier & Wolcott*, for the respondents.

*Risley, Robinson & Love*, for the appellant.

MARTIN, J. :

The purpose of this action was to secure a determination as to the title to certain moneys deposited with the defendant the Savings Bank of Utica in the name of the defendant Davis. These moneys were claimed by the plaintiffs as the personal representatives of Ebenezer Davis, deceased, and were also claimed by the defendant Spencer Davis.

The undisputed evidence shows that on the 10th day of January, 1876, the sum of $250 was deposited in the bank in the name of Spencer Davis; that the money thus deposited was handed to an officer of the bank by the defendant Davis, and that on April 1, 1876, the plaintiffs' intestate, in the absence of the defendant Davis, deposited to the credit of the same account the further sum of $150. Both of these were deposits of moneys belonging to the decedent, unless there was a valid gift of the same by him to the defendant Davis.

The question principally litigated was whether the money thus deposited was intended by the decedent as a gift to the defendant Spencer Davis, or whether, as claimed by the plaintiffs, the money was deposited in his name for the decedent without any intent on his part to give him the money so deposited.

Upon that question the referee found that the money belonged to the decedent, and that the plaintiffs, as his legal representatives, were entitled to it. He also found that there was no gift to the appellant of either of the sums mentioned. This conclusion was based upon the grounds : 1. That the decedent at the time was of unsound mind and incapable of making a gift ; and, 2. That there was no intention on the part of the decedent to make any such gift.

A thorough examination of the evidence has led us to the conclusion that it was sufficient to justify the findings of the referee

upon the questions of fact, and that as to those questions the decision of the referee should be regarded as final.

The appellant, however, insists that the plaintiffs' cause of action was barred by the Statute of Limitations. We think not. The evidence tends to show that the money was deposited in the name of the defendant Davis under an express agreement made with the decedent that it might be deposited in his, Davis', name for the benefit of the decedent, and that it was to remain his money although deposited in the name of Davis. The referee has so found. Under such circumstances, Davis, so far as he had control of this money, became a trustee of an express trust, holding it as such for the benefit of the decedent. In such cases the statute does not begin to run against the beneficiary until the trustee has openly, to the knowledge of the beneficiary, denied, disclaimed or repudiated the trust. (*Decouche* v. *Savetier*, 3 Johns. Ch. 190; Perry on Trusts, §§ 863, 864; *Reitz* v. *Reitz*, 80 N. Y. 538; *Kane* v. *Bloodgood*, 7 Johns. Ch. 90; *Hamer* v. *Sidway*, 124 N. Y. 538, 549; *Zebley* v. *The Farmers' Loan & Trust Co.*, 139 id. 461.)

We find no evidence in the case which even tends to show that anything ever occurred between the plaintiffs' intestate and the defendant Davis to indicate that the latter in any way disclaimed the arrangement made between them under which the plaintiffs claimed these moneys, or that the defendant Davis ever openly, to the knowledge of the beneficiary, disclaimed or repudiated the trust.

On the trial the defendant Spencer Davis was called as a witness, and testified that he saw the pass book in question; that he was the Spencer Davis mentioned in it and had that book; that he got it at the savings bank at Utica, and that he made a deposit of $250 at the time he received the book. Upon his cross-examination he testified that the plaintiffs' intestate was with him on that day, and that he went into the bank with him when he made the $250 deposit. On the re-direct examination he was asked: "What was said and done by you and Ebenezer at the time the deposit of $250 was made?" This was objected to as incompetent under section 829 of the Code, incompetent and immaterial. The objection was overruled and an exception taken. The witness answered: "Ebenezer didn't say anything to me at the bank, only pulled out the money and handed it to me; the amount was $250; he said he would give me that money

and I was to leave it in the bank as long as he lived, and then I should take it out and do what I had a mind to with it; I think that is all that was said; he said it at the time he handed me the money; the money had not been handed to me until I made the deposit; I handed the money into the bank and got the pass book, Exhibit 2." The plaintiffs' counsel then asked the referee to strike out the testimony of the witness on the re-direct examination as to the transaction when the money was deposited, on the ground that it appeared that it was a personal transaction with the decedent. This motion was granted and an exception taken. The referee also struck out the cross-examination of the witness as to Ebenezer's being with him when the defendant made the deposit at the bank. The defendant now insists that this ruling was erroneous. That the evidence of this witness was competent under section 829 is not pretended. The appellant, however, claims that the door was opened for the admission of this evidence by the cross-examination of the witness by the plaintiffs. That the plaintiffs having asked the witness whether their intestate was present at the time of the deposit of the $250 was made, gave them the right to prove the full particulars of that transaction. We think otherwise. The most that can be said is that the plaintiffs proved on the cross-examination sufficient to show that the evidence of the witness was incompetent. We think the ruling of the referee was correct, and that he properly struck out this evidence. (*Miller* v. *Montgomery*, 78 N. Y. 282; *Brague* v. *Lord*, 67 id. 495; *Holcomb* v. *Holcomb*, 95 id. 316, 325; *Matter of Eysaman*, 113 id. 62; *Matter of Will of Dunham*, 121 id. 575; *Adams* v. *Morrison*, 113 id. 152; *Price* v. *Price*, 33 Hun, 69; *Erwin* v. *Erwin*, 26 N. Y. St. Repr. 759.)

The defendant also objected to evidence which tended to show that at the time these deposits were made the plaintiffs' intestate was of unsound mind and incompetent to do business. These objections were overruled and the evidence admitted. The question of the competency of the plaintiffs' intestate was raised by the plaintiffs' reply to the defendant Davis' answer, which set up an affirmative cause of action or counterclaim. The evidence was, we think, admissible.

Robert J. Davis, one of the plaintiffs, was called as a witness, and examined as follows: "Did you see the tin box at your place

between May and Sept., '76, when Ebenezer was not there? [Objected to as incompetent under § 829 of Code, and immaterial and not rebuttal. Overruled. Exception.] A. Yes, sir; I saw it in the barn in the straw; that was before I went down to Stittville; * * * Q. Have you, when in your house, seen Ebenezer outside of window? [Objection; incompetent under § 829. Exception.] A. Yes, sir. Q. Were you present in Jefferson county when any evidence was taken as to the mental condition of Ebenezer Davis, and, if so, when? [Objected to as incompetent under § 829 of the Code; immaterial, leading, not rebuttal.] A. No, sir. Q. Was he at any time examined as to his mental condition about that time? [Objected to on same grounds. Overruled. Exception.] A. Yes, sir; it was in June, 1877. Q. Do you remember one winter night of '76 or '77, in the neighborhood of five degrees below zero? [Objected to as incompetent, indefinite, leading. Objection overruled. Exception.] A. Yes, sir. Q. Do you know where Ebenezer was that night? [Objection same as above. Overruled.] A. Yes, sir. Q. Where was he? [Objected to as incompetent, § 829, and immaterial. Sustained. Exception.] Q. During the summer of '76 did you ever see Ebenezer eating raw cucumbers in the garden? [Same objection. Sustained. Exception.]" We find no error in these rulings that would justify a reversal of the judgment.

Nor do we find any error in the ruling excluding the letter written by Emma Davis. The letter was not evidence as to any fact in issue, and in no way tended to impeach or affect the credibility of the witness.

Cornelia H. Davis was called as a witness for the plaintiffs and testified that she had heard the plaintiffs' intestate speak of his bank book and money in the bank. She was then asked: "What did he say?" This was objected to on the ground that what he said was no evidence of the fact, and that his declarations were not admissible. The plaintiffs thereupon stated that the evidence was offered to show his mental condition. The objection was thereupon overruled and an exception taken. The witness answered: "He said he had some money in the bank and he wanted to put in some more, but couldn't draw so much interest, and asked Spencer Davis if he might put some in in his name; he said Spencer said he might

do it, and he said he was to keep the bank book, and had it; this was in the summer of 1876." The defendant then moved to strike out this evidence on the same ground. The motion was denied and an exception taken. As this evidence was admitted for the sole purpose of showing the mental condition of the plaintiffs' intestate, we are disposed to think that no error was committed in admitting it for that purpose which requires us to disturb the judgment.

The foregoing are all the questions raised by the appellant in his brief.

The judgment should be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.