(18 Misc. Rep. 219.)

COOKE v. McALEENAN.

(Supreme Court, Appellate Term, First Department. October 29, 1896.)

1. SECONDARY EVIDENCE—CONTRACTS OF FOUNDATION.
    Where there is evidence that a letter alleged to have been sent by plaintiff to defendant was in fact received by defendant, evidence of addressing, payment of postage, and mailing, so as to raise a presumption of defendant's receipt thereof, is not necessary to render admissible against defendant secondary evidence of the contents of the letter.
2. APPEAL—HARMLESS ERROR—EXCLUSION OF EVIDENCE.
    The erroneous exclusion of evidence is ground for reversal unless it clearly appears that no injury could have resulted from the error.

Appeal from Seventh district court.

Action by Cornelius L. Cooke against Henry McAleenan for conversion. There was a judgment in favor of defendant, and plaintiff appeals. Reversed.

Argued before DALY, P. J., and BISCHOFF, J.

Robert L. Redfield, for appellant.
George W. McAdam, for respondent.

BISCHOFF, J. The defendant is a pawnbroker, and is sued upon an assigned cause of action for the conversion of a watch, the property of one Easton. Prior to the 7th day of November, 1895, Easton had had dealings with the defendant, in making pledges of personal property as security for divers loans, and afterwards redeeming the articles, which were then returned to him by express; his residence being in Decorah, Iowa, and his communication with the defendant having been by mail. The watch in question was pawned about November 1, 1894, and on November 7, 1894, the plaintiff claims that a letter was sent by Easton to the defendant, inclosing the pawn ticket and a draft for the amount due, and directing that shipment be made by the United States Express Company, which company alone transported goods directly to the place of his residence. Defendant, contrary to this instruction, forwarded the watch by the Adams Express Company, and it was never received by Easton; hence this action.

We think that the plaintiff's appeal from the judgment, as rendered in favor of the defendant, is meritorious, by reason of the erroneous exclusion of secondary evidence as to the contents of the letter sent by Easton to the defendant on November 7, 1895, wherein the instructions touching the shipment of this watch were given. The ground of the ruling was that there was no proof of addressing, prepayment, and mailing sufficient to provide a foundation for the introduction of secondary evidence, the plaintiff's practice being correct in the other essentials to the admission of such evidence. The record discloses proof in support of the fact that the defendant actually received this letter, apart from any presumption arising from its transmission through the mails, which presumption, indeed, can generally be said to attach to evidence that the letter was sent. Steamship Co. v. Otis, 100 N. Y. 451, 3 N. E. 485. Here, however, Easton's testimony was that the ticket and draft were inclosed with the letter in question, and so sent to the defendant, whose letter admitting the receipt of the ticket and draft was placed in evidence prior to the plaintiff's offer of secondary proof. Thus, not a presumption, merely, but the fact of the receipt of the letter, was made to appear, if Easton was to be believed; and the plaintiff was clearly entitled to show the contents of the document, the value of the proof to depend upon the final determination of Easton's credibility. As a foundation, the evidence was more than sufficient. It is true that the defendant's counsel, in the course of an argument for the dismissal of the complaint, admitted that the order had been to ship the goods by the United States Express Company, but this cannot be taken as obviating the effect of the erroneous exclusion of

the proof in question. The defendant's evidence at the trial might have been considered by the justice below as showing a ratification by Easton of the shipment by the Adams Express Company, but it did not conclusively do so; and we cannot say that the judgment was not based upon other evidence to the effect that there was a course of dealing between the parties whereby, with Easton's knowledge and assent, his redeemed pledges were sent by the Adams Express Company in all cases, notwithstanding his order requiring shipment by the United States Express Company. But, so far as we can tell, the letter sent in this case may have expressly repudiated Easton's satisfaction with this course of dealing, and have unconditionally required obedience of its terms as to transmission by the express company named; and, since there was error in exclusion of the proof, we cannot support the judgment, it not being apparent that the error was harmless. Mt. Morris Electric Light Co. v. U. S. Horse & Cattle Show Soc., 9 Misc. Rep. 180, 29 N. Y. Supp. 584.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.