(63 App. Div. 495.)

### In re VAN DE VEER.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

EXECUTORS AND ADMINISTRATORS—ACCOUNTS—COUNSEL FEES—LOSSES.

  Where an executor and trustee under a will keeps no regular account of receipts and expenditures, but enters the same from time to time in a small pocket memorandum book, many being made with a lead pencil, and having become so far obliterated as to require the aid of a magnifying glass to decipher the same, counsel fees in preparing the executor's account, and losses resulting from the manner of keeping the same, will be charged to the executor on the final accounting.

  Appeal from surrogate's court, Onondaga county.

  Proceedings in the matter of the final judicial settlement of the accounts of Henry Van De Veer, as executor and trustee under the last will and testament of Sarah A. Rector, deceased. Exceptions to the account were filed by William James, as executor of the estate of Eliza Brenn, deceased, and by John E. Rector, a legatee of deceased testatrix. From a decree confirming the report of the referee settling the accounts, such executor and trustee appeals. Modified.

  Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

  J. W. Shea, for appellant.
  John L. Seager, for respondent.

  ADAMS, P. J. This is an appeal from a decree of the surrogate's court of the county of Onondaga, entered upon the report of a referee in a proceeding for the judicial settlement of the accounts of Henry Van De Veer as executor and trustee under the last will and testament of Sarah Ann Rector, deceased. The executor filed his account, together with a petition for final judicial settlement, on the 1st day of August, 1899. Thereafter two amendatory and supplementary accounts were filed by him, to which objections were duly raised by one William James, as executor of the estate of Eliza Brenn, deceased, and also by John E. Rector, a legatee of the deceased testatrix. Sarah Ann Rector died in 1888, seised of real property consisting of two houses and lots, situate in the city of Syracuse, and also possessed of certain personal property, aggregating in value the sum of $1,829. She left a will devising this property to Henry Van De Veer, in trust for the following purposes, viz.: (1) To receive the rents and profits of all the property, both real and personal; to pay one-third of the net income arising therefrom to Eliza Brenn during her life, and two-thirds thereof to John E. Rector, and after the death of Eliza Brenn to employ the entire net income to the use and benefit of John E. Rector; and (2) to turn over one-third of the real and personal property to John E. Rector upon his arriving at the age of 21 years in any event, and in the discretion of the executor and trustee to turn over the entire estate to him at that time or to hold two-thirds thereof until John E. Rector became 25 years of age. Eliza Brenn died October 10, 1897, and John E. Rector became 21 years of age on the 2d day of August, 1899. The appellant accounted for his transactions as executor on September 1, 1889, and a ju-

dicial settlement of his accounts was then had, the decree therein being entered September 26, 1889, since which time no accountings were had until this proceeding was commenced in August, 1899. The estate of Mrs. Rector was a very simple one to manage, the entire duty of the executor and trustee being virtually to keep the real estate in repair and tenantable, attend to the renting thereof, to collect the rents, and turn the proceeds over to the beneficiaries after the payment of taxes, improvements, and other necessary expenses. It appears, however, that the executor was exceedingly lax in his methods of administration; that he kept no regular account of receipts and expenditures, but entered the same from time to time in small pocket memorandum books, many of the entries being made with a lead pencil, and portions of them having become so far obliterated as to require the aid of a magnifying glass in order to decipher the same. Much of the time consequently consumed upon the accounting was rendered necessary by this very informal and careless method of bookkeeping. And, while the good faith and integrity of the executor are not questioned, the learned referee deemed it proper, in view of the negligent manner in which the trust was executed, to disallow some portion of the claim for counsel fee in preparing the executor's account, and also to charge the executor with some losses which apparently resulted from the same cause. We think the learned referee was clearly justified in adopting this course, for the law not only exacts good faith, but also reasonable care and due diligence, upon the part of a trustee in the management of a trust estate; and, if any loss results from a breach of duty in this regard, the trustee is chargeable therewith. Litchfield v. White, 7 N. Y. 438, 57 Am. Dec. 534; In re Cornell, 110 N. Y. 351, 18 N. E. 142. As the result of the accounting conducted upon this theory, it was found by the referee that there was due from the executor to the estate the amount of $767.87, and to this conclusion, as well as to the several findings of fact upon which it was based, exceptions were duly taken by the appellant. These exceptions present simply questions of fact, and, after a careful examination of the evidence, we are persuaded that in each instance where issue is taken with a finding of the referee there is ample evidence to sustain such finding. But, on the other hand, we have discovered that the learned referee has committed errors of an arithmetical character; in other words, that the figures and computations upon which he bases his conclusions are not altogether accurate. The most serious of these errors arises out of the credit given to the executor for disbursements made by him in the course of his administration of the estate. These disbursements covered a number of pages of the printed record, and, according to the figures of the referee, amount in the aggregate to the sum of $6,604.41. We have gone over these figures in detail, and with great care, and discover that the aggregate amount of disbursements should be the sum of $7,037.55, instead of the amount found by the referee. There is also an error of $10 in adding the three items of expenses and commission, which should be credited to the executor. These two errors make a difference in favor of the executor of the sum of $443.14, which, deducted from the amount

found due the estate by the referee, would leave that amount $324.73, instead of $767.87. In all other respects the findings and conclusions of the referee and the decree of the surrogate's court entered thereon meet with our approval. The decree appealed from should, therefore, be modified by deducting from the amount found due the estate of Sarah Ann Rector, deceased, the sum of $443.14, and, as thus modified, affirmed, without costs of this appeal to either party. All concur.