(37 Misc. Rep. 60.)

## BARNES v. COURTRIGHT et al.

(Supreme Court, Special Term, Chemung County. December 23, 1901.)

1. BILLS AND NOTES—ASSIGNMENT—ACTIONS—RECEIVERS.

Where contestant owned a valid assignment of a portion of a note held by plaintiff, who brought suit thereon in her own name, and, after recovering judgment, a certain sum thereon was paid to a receiver appointed in proceedings supplementary to execution, to whom due notice was given of contestant's interest, the plaintiff, as between plaintiff and contestant, became the trustee of the sum for the contestant.

2. SAME—LIMITATION OF ACTIONS.

The statute of limitations did not begin to run against contestant's claim until the trust was repudiated.

3. SAME—SUPPLEMENTARY PROCEEDINGS—RECEIVER—LIABILITY.

The receiver, having had notice of the contestant's right before the money was paid over to the plaintiff, was not relieved from responsibility because he acted in good faith; but, if there was doubt as to the contestant's claim, the receiver should have applied for instructions from the court.

4. SAME—PAYMENT—BURDEN OF PROOF.

Where contestant owned a valid assignment of a portion of a note which plaintiff held, and on which she had recovered judgment and collected a sum, but alleged that contestant had received payment of his interest in the note, the burden of proving such payment was on plaintiff.

5. SAME—PAYMENT BY MAIL—EVIDENCE—SUFFICIENCY.

No presumption of the claim that an interest in a note had been paid through the mails was established where there was no evidence that the letters through which the payments were claimed to have been made were ever duly deposited in the United States mail where the payor resided, inclosed in a securely sealed wrapper, addressed to the person alleged to have been paid, and postage duly paid, or that the same ever came to such person.

Motion by Michael A. Kennedy to set aside an order discharging a receiver appointed in supplementary proceedings instituted in an action by Carrie E. Barnes against Charles G. Courtright and others. Motion granted.

Swartwood & Personius, for the motion.

Gabriel L. Smith, opposed.

FORBES, J. This is a motion to set aside an order granted by this court on the 26th day of January, 1901, passing the accounts of and discharging the receiver in supplementary proceedings instituted in this action by the plaintiff under a judgment in her favor. This motion was made to open said accounting, to set aside the order therein granted, and to adjust the contestant's claim to a portion of the funds paid into the hands of the receiver upon said judgment. I am satisfied, from the moving and the opposing papers, together with the testimony taken before a referee appointed by this court, that the contestant, Michael A. Kennedy, held and owned a valid assignment of a portion of the note out of which the fund in dispute arose to the full amount of the claim which he presented to the receiver. The transfer of said interest to said note was made by the plaintiff in said action to said Kennedy to reimburse him for moneys which were due from the plaintiff to said Kennedy. The plaintiff

having proceeded in her own name to collect said note by judgment and execution, and having collected and received thereunder the sum of $365.71, and the same having been paid over for her into the hands of the receiver appointed in the supplementary proceedings to apply on said judgment in the action, notice having been duly given to said receiver of the claim of said contestant, Kennedy, and the receiver having rejected said claim as having been barred by the statute of limitations, this motion was made by said Kennedy, through his attorney, to determine his right to a portion of the fund in question as between Carrie E. Barnes, the plaintiff in said action, and said Kennedy. In my judgment, the contestant's claim is not barred by the statute of limitations. When the sum of $365.71 came into the hands of the receiver as the proceeds of said note and judgment perfected by the plaintiff, the contestant had then and now has a lien upon said funds, and should be paid therefrom his claim in full. I must hold that when the plaintiff proceeded to collect said note by enforcing said judgment against the defendant in that action, having perfected said judgment through regular steps and proceedings taken therein, and having received the funds in question by placing the same in the hands of the receiver for her own benefit, as between said plaintiff and the contestant said Carrie E. Barnes became the trustee of said fund for said contestant; that the statute interposed as a bar to said claim as against the contestant had not commenced to run. It is a well-established principle of law that the bar of the statute of limitations does not commence to run in favor of the trustee until the repudiation of the trust. Davis v. Davis, 86 Hun, 400, 33 N. Y. Supp. 477; Reitz v. Reitz, 80 N. Y. 538; Zebley v. Trust Co., 139 N. Y. 461, 34 N. E. 1067; Mills v. Husson, 140 N. Y. 99, 35 N. E. 422. This rule applies where the fund is in the hands of any person who has knowledge of the trust. Collis v. Bull (Sup.) 27 N. Y. Supp. 478; In re Hone, 153 N. Y. 522, 47 N. E. 798; Warren v. Bank, 157 N. Y. 259, 51 N. E. 1036, 43 L. R. A. 256, 68 Am. St. Rep. 777. The plaintiff has the burden of proof to show payment to the contestant. I must therefore hold that the evidence is insufficient to satisfy me that payment of said claim, or any portion thereof, has been made by the plaintiff.

The plaintiff claims that two payments of $25 each were transmitted by mail to said Kennedy, to apply upon his claim. The evidence is insufficient to raise the presumption that the contestant ever received any portion of said funds, since there is no evidence in the case to show that the letters through which said payments are claimed to have been made were ever duly deposited in a United States mail box or post office at the place where the plaintiff resides, inclosed in a securely sealed wrapper, addressed to the contestant at his place of residence, and the postage thereon was duly paid; or that the same ever came into the hands of said contestant to be applied upon said claim. There is no pretense of direct payment, and the presumption of payment, therefore, and its receipt by mail, are not established. Hastings v. Insurance Co. (Sup.) 17 N. Y. Supp. 333; Ackley v. Welch (Sup.) 32 N. Y. Supp. 577; Cooke v. McAleena, 18 Misc. Rep. 219, 41 N. Y. Supp. 479; Ward v. Hasbrouck,

44 App. Div. 32, 60 N. Y. Supp. 391. The receiver having had notice of the contestant's right to a portion of said funds before the money was paid over to the plaintiff, he cannot be relieved from responsibility as receiver upon the theory that he acted in good faith. Collis v. Bull (Sup.) 27 N. Y. Supp. 478. If there was any doubt about the justice of the claim, as an officer of the court he should have applied for and taken instructions and directions from the court. The receiver probably had no right to act upon his own judgment, or even on the advice of counsel, without proof of any of the material facts in respect to the validity of said contestant's claim. In re Van De Veer, 63 App. Div. 495, 71 N. Y. Supp. 849.

The contestant's motion herein is therefore granted, with $10 costs and the disbursements paid to the referee.