M. W. GREY, Appellee, v. M. CALLAN, SR., Appellant.

**Partnership:** EVIDENCE OF MEMBERSHIP. Evidence of general repute
1  that one is a member of a partnership is admissible in proof of that issue.

**Same.** That one is a member of a partnership may be shown by
2  the declarations of another member of the firm.

**Evidence:** HARMLESS ERROR. Where plaintiff was allowed but six
3  per cent. interest on a loan of money admission of evidence that defendant agreed to pay eight per cent. was not prejudicial.

**Loans:** ILLEGAL USE OF PROCEEDS: RECOVERY. The fact that a loan
4  of money was made to a firm engaged in the unlawful sale of liquor will not preclude a recovery therefor, where it appears that the loan was not made to enable the firm to violate the law, and that it was used in the payment of debts already contracted.

**Findings of court in law action.** The judgment in a law action
5  tried to the court will not be disturbed on appeal unless without support on the evidence.

*Appeal from Iowa District Court.*— HON. O. A. BYINGTON, Judge.

TUESDAY, MARCH 5, 1907.

ACTION at law to hold defendant liable for money loaned a co-partnership, known as M. Callan, Jr., & Co., of which firm it is charged defendant was either an actual or an ostensible member. The case was tried to the court without a jury, resulting in a judgment for plaintiff, and defendant appeals.— *Affirmed.*

*J. D. Butler,* for appellant.

*J. M. Dower,* for appellee.

DEEMER, J.— It is shown without dispute that plaintiff, at various times during the years 1901, 1902, and 1903, loaned to M. Callan, Jr., & Co. sums of money aggregating nearly $500, and it is charged that defendant was either an actual or ostensible member of the firm to which the money was loaned. Defendant denied that he was a member of the firm. He also averred that the said Callan, Jr., & Co. was engaged in the saloon business, and that whatever money was loaned was to enable it to carry on this business. To show that, as we suppose, the defendant was an ostensible member of the firm, plaintiff was permitted, over defendant's objections, to show that according to general repute in the community defendant was a member of the firm of M. Callan, Jr., & Co., and that said firm was composed of M. Callan, Sr., and M. Callan, Jr. The rulings admitting this evidence are challenged. It was further shown that plaintiff had knowledge of this general reputation when he loaned the money. Where claim is made that one is an ostensible member of a partnership, testimony that by general repute he was a member of the firm is admissible. *Southwick v. McGovern,* 28 Iowa, 533; *Wood v. Pennell,* 51 Me. 52; *Adams v. Morrison,* 113 N. Y. 156 (20 N. E. 829).

1. PARTNERSHIP: evidence of membership.

II. M. Callan, Jr., testified that M. Callan, Sr., was a member of the firm. This testimony is said to have been inadmissible, for that a partnership cannot be proved by the declarations of one partner. The difficulty here is in the application of the rule. Plaintiff was not attempting to prove a partnership by showing the admissions or declarations of one of the partners, but to show the fact of partnership by one of the members. The latter may always be done.

2. SAME.

III. Plaintiff offered evidence to show that defendant agreed to pay 8 per cent. interest on the loan, and it was received over defendant's objection. As plaintiff was allowed but 6 per cent. interest, there was no error. *Brockway v. Haller,* 57 Iowa, 368.

3. EVIDENCE: harmless error.

IV. Claim is made that there can be no recovery for the reason that M. Callan, Jr., & Co. was engaged in the unlawful sale of intoxicating liquors. It is not shown or claimed that the money was loaned to enable the firm to violate the laws of the State. On the contrary, the loans were made to enable the firm to pay an amount due the bank with which it did business, and to enable it to pay its debts for liquor already purchased. At that time the members of the firm supposed they were operating under the so-called " Mulct Law." But, even if this were not true, it is not shown that the money was loaned for the purpose and with intent of enabling the firm to violate the laws of the State. Conceding *arguendo* that the firm was engaged in an unlawful business, nevertheless, plaintiff, in loaning money to enable it to pay what it regarded as bona fide debts, was guilty of no offense, and was not in *pari delicto* with the firm. The money when received was deposited in the bank and used by the firm in paying its bills, not only for liquors, but for other commodities as well. Moreover, there is no sufficient showing that the firm was engaged in an unlawful business.

4. LOANS: illegal use of proceeds: recovery.

V. Lastly, it is argued that there is not sufficient evi-

dence of a partnership to justify a holding against defendant. There is ample testimony both of an actual and an ostensible partnership. Indeed, a holding to the contrary would have been against the great preponderance of the testimony. Even if this were not true, there should be no reversal, for the case was at law, and tried to the court without the intervention of a jury. In such cases the judgment must stand, unless without any support in the evidence.

5. FINDINGS OF COURT IN LAW ACTION.

No error appears, and the judgment must be, and it is, *affirmed.*