1836.

Williams
v.
Purdy.

---

## WILLIAMS, appellant, *vs.* PURDY, respondent.

Where an executor or administrator is called on to account before a surrogate, he must verify his account by his oath or affidavit, and in such oath or affidavit he must state that such account contains, according to the best of his knowledge and belief, a full and true account of all his receipts and disbursements on account of the estate of the decedent, and of all sums and property belonging to such estate which have come to his hands, or which have been received by any other person by his order or authority for his use ; and that he does not know of any error or omission in the account to the prejudice of any of the parties interested in the decedent's estate.

Where an executor or administrator wishes to be allowed for payments and disbursements of $20 and under, for which he is unable to produce proper vouchers or other evidence, he must specify in the account the times when, the persons to whom, and the purposes for which such several disbursements or payments were made ; and must also, as to the sums thus charged, swear positively that they have been actually paid or disbursed by him as charged in the account.

An executor or administrator claiming a debt due to himself from the estate of the testator, cannot be allowed to prove it on his own oath only. But he must, like any other creditor who comes in to establish a debt against the estate, make the usual oath that the debt is justly due to him from the estate after allowing all payments and all proper discounts and offsets. And he must also produce to the surrogate legal evidence of the existence of the debt, unless the same is admitted by those who are interested in the estate.

The object of requiring the usual affidavit of a creditor, in support of his claim, is not to prove the debt, as it is not legal evidence for that purpose. But it is to prevent the exhibition of fictitious claims against the estate, which have been discharged by the decedent in his life time ; and also to prevent the allowance of claims against which a legal offset exists, known only to the party presenting such claim.

THIS was an appeal from the sentence or decree of the surrogate of the county of Westchester, upon the final settlement of the account of an executor. Upon the return of the citation to account, the respondent, N. Purdy, jun., brought in his account with the estate, and therein credited himself with the sum of $219,27, as and for a debt due to him from the testator, for monies lent and services rendered to the testator in his life time. Having failed in proving this indebtedness by any competent testimony, he insisted that the general affidavit annexed to the account was sufficient to authorize the allowance of this charge, unless the legatees and next of kin could prove its falsity. The surrogate being of this opinion, allowed the charge without any other proof of its correctness. The counsel for the respondent neglected to appear upon the hearing of the appeal, and the same was argued ex parte, by

*W. Silliman*, for the appellant.

THE CHANCELLOR. The surrogate erred in supposing that the affidavit of the executor, annexed to the account in this case, was presumptive evidence of the existence of the debt claimed to have been due from the testator to the respondent. The affidavit merely states that the account to which it is annexed " is a correct and true statement and account of all the proceedings of the deponent, as one of the executors, &c. according to the best of his knowledge, information and belief." This would not be sufficient to authorize the allowance of a disputed item of twenty dollars or under, without a voucher, even if the payment was charged as having been made to a third person. For to authorize such an allowance upon the oath of the executor alone, he must swear positively to the fact of payment. (2 *Bro. Ch. Pr.* 822. 2 *R. S.* 92, § 55.) When an executor or administrator is called upon to account before the surrogate, he is bound to verify the account by his oath or affidavit, stating in substance that such account contains, according to the best of his knowledge and belief, a full and true account of all his receipts and disbursements on account of

1836.

Williams
v.
Purdy.

September 20.

the estate of the decedent, and of all sums and property belonging to the estate which have come to the hands of such executor or administrator, or which have been received by any other person by his order or authority for his use; and that he doth not know of any error or omission in the account to the prejudice of any of the parties interested in the estate of the decedent. And if he wishes to be allowed for payments and disbursements of $20 and under, for which he is unable to produce proper vouchers or other evidence, he must specify in his account the times when, the persons to whom, and the purposes for which the several payments or disbursements were made; and he must add to his affidavit a positive allegation that the said several sums have been actually paid or disbursed by him, as charged in the account. But this general affidavit will not authorize the allowance of any items exceeding twenty dollars, if the same is disputed, without the production of the proper voucher showing the expenditure of the money, or other legal evidence of its payment. Neither is it sufficient in any case to authorize the executor or administrator to retain as for a debt due to himself from the decedent. The 33d section, of the article of the revised statutes relative to the duties of the executors and administrators in the payment of debts and legacies, (2 *R. S.* 88,) appears to contemplate an application to the surrogate in the first instance, by the executor or administrator, to determine as to the validity of a claim of indebtedness to the latter, before he shall be allowed to retain for such debt, or his proportionate part thereof. And upon such application he must produce to the surrogate legal evidence of the existence of the debt, in addition to his own oath that it is justly due after allowing all payments and all proper discounts and offsets; unless such debt is admitted by those who are interested in the estate. If the executor or administrator, instead of proving his debt before the surrogate in the first instance, claims an allowance therefor upon the final settlement of his account, he is in the same situation of any other creditor who comes in before the surrogate to claim a debt against the estate. He must, therefore, like other creditors, not

1836.

Williams
v.
Purdy.

only verify the justice of his claim by his oath, but if it is objected to, he must establish it by legal evidence, in addition to his own oath. The object of requiring the affidavit of the creditor in such cases is not to prove the existence of the debt, as it is not evidence for that purpose. But it is to prevent the exhibition of fictitious claims against the estate of the decedent, which have been discharged by him in his life time ; and also to prevent the allowance of claims against which there existed a legal offset, known only to the party presenting such claim, and which those who are interested in the estate of the decedent may be unable to establish by legal proof.

So much of the final sentence or decree of the surrogate made on the 13th of June, 1832, as declares that the rendering of the account on oath by the executor, containing the charge of $219,27 as due to himself by the decedent, was prima facie evidence of its correctness, and which allowed the amount of such charge to the executor without any other proof of the existence of the debt, must, therefore, be reversed, with costs. And the sentence or decree must be so modified as to declare that the balance in the hands of the respondent, at the date of the original sentence or decree, was $3539,95. The aggregate amount to be distributed, therefore, is $7201,09, with the interest thereon from the 13th of July, 1832, the time appointed by the surrogate for the payment of the several distributive shares to the legatees. The decree must apportion the amount among the several residuary legatees accordingly, and direct the payment of interest upon the several distributive shares from and after the expiration of thirty days from the date of the original decree of the surrogate.

The appellant is to be at liberty to have the decree enrolled in this court, so that he may have an execution here for the recovery of his costs; and the several distributees may also take out execution here to compel payment of their several distributive shares, with the interest thereon until the same are paid.