Br THE Suekogate.
—Previous to the revision of the statutes, an executor or administrator could retain a debt due to him without first proving it, and there were no means known to the law for a final settlement of the accounts of executors and administrators, and a distribution of the assets, without resort to a bill in chancery, iior could a debt against the estate of a deceased person be recovered by any one other than the legal representative, except by an action in the courts of common law, where the proceeding was costly and cumbersome, and perplexed by a system of pleadings and entries, the names and forms of which are now forgotten except by the oldest practitioners of our own day. One great object of the revisors in this respect was to do away' with the difficulties, delays and expenses of the old mode of procedure. They provided, in order to attain ends so desirable, that surrogates should have jurisdiction to settle the accounts of the legal representatives of deceased persons’ estates ; and for that purpose might cause to be cited before them, the creditors, legatees and next of kin to attend such settlement (3 R. 8.. 180, § 66, 5th ed.); and by the next section it was enacted that the persons so cited might attend such settlement and contest the same. By § 78, p. 182, the surrogate was authorized to make a decree in reference thereto, in which he should settle and determine all questions concerning any debt, claim, legacy, bequest, or distributive share. The revisors did not fail to provide a mode of ascertaining and adjudicating claims presented. *409 to the executors or administrators which were disputed. Such claims it was declared, might, under certain conditions be referred, and if not so referred, they might be prosecuted like any ordinary claim in courts of law, under certain other conditions and restrictions.
It has been a question much discussed in the courts, and with various results, whether surrogates had or had not under the authority conferred upon them by the 78th section, the power by their decree to 66 settle and determine all questions concerning any debt, claim, legacy, bequest, or distributive share,” to adjudicate concerning disputed claims. The learned surrogate, Bradford, constantly and ably' contended that those officers had such jurisdiction, and his views were sustained by the supreme court in several of the judiccial districts of the state, while in other districts different views of the law were entertained, and the question learnedly discussed in several cases ; among others, in the cases of Magee v. Vedder (6 Barb. S. Q. R., 352), and Wilson v. The Baptist Educational Society of N. Y. (10 Id., 308), until at length, the court of appeals, in Tucker v. Tucker (4 Abb. Ct. App. Dec., 428), finally determined against such jurisdiction.
It is contended, therefore, that this being a disputed claim, this court has no jurisdiction -to try and adjudicate it. If this be so, it would involve the absurdity of the administrator agreeing with himself on a person to whom an individual claim of his, against himself as administrator should be referred. This, it is quite apparent, could not be done (Gardner v. Gardner, 7 Paige, 112). He would thus, if no other course were open to him, be compelled to resort to the supreme court to establish it. But the revisors wisely guarded against such an emergency. By section 37, p. 175, 3 R. S. (same ed.), it was enacted that no part of the property of a deceased person should be re *410 tained by (he executor or administrator, in satisfaction of his own debt or claim, “until it shall have been proved to and allowed by the surrogate ” ; and by the act of 1837, the proof of such debt or claim was authorized to be made on the service and return of a citation for that purpose, or on the final accounting. Thus a direct authority is conferred on the surrogate to receive the proof of and adjudicate the claim of an adminis • trator or executor ; while as to the debts and claims of third persons no such power is given.
It is true, the chancellor in Williams v. Purdy (6 Paige, 166) says, “the administrator is in the same situation as any other creditor in reference to proving his claim. He must therefore, like other creditors, not only verify the justice of his claim by his oath, but if it is objected to he must establish it by legal evidence in addition to his own oath.” The administrator is, undoubtedly, “in the same situation as any other creditor ” in reference to the necessity of proving his claim. If the learned chancellor meant to imply that he must prove it, when contested in the same forum, it must be borne in mind that he belonged to that school of distinguished jurists, a,s appears by the case of Kidd v. Chapman (2 Barb. Ch. Pep. 414), who held that surrogates had jurisdiction to adjudicate claims of third persons, and whose doctrine on that subject has been overborne by the case of Tucker v. Tucker.
This proceeding, so far as the administrator’s claim is concerned, is in effect an action to recover it of the estate of the decedent; and such a claim may be tried in this court (Vulte v. Martin, 44 How. Pr. P., 18). The authority of the surrogate, in this respect, is also recognized in the recent cases of Everts v. Everts (62 Barb. S. C. R., 577); matter of Cunningham’s estate (8 N. Y. S. C. R. [1 Hun.], 214); and Elmore v. Jaques (9 Id. [2 Hun.], 130).
*411 I shall therefore proceed to the trial of the administrator’s claim so contested.