NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
April, 1880.

## BARRAS v. BARRAS.

*In the matter of the estate of* CHARLES M. BARRAS,
*deceased.*

The Surrogate has jurisdiction under § 44, 3 *R. S.*, 96 (6 ed.), to pass upon the
    claim of an executor or administrator against the estate, either in pro-
    ceedings taken to establish the claim, or upon the final accounting of
    the executor or administrator, although such claim is contested by the
    next-of-kin.[*]

Such a claim, being disputed on the final accounting, is not analogous to
    a claim disputed under the statute by the representatives of the estate.

THIS was a petition of Alfred M. Barras and William
Barras, two of the next-of-kin of decedent, for an order
vacating the decree in this matter, for want of jurisdic-
tion of the Surrogate to decree the validity and payment
of claims and demands in favor of Hiram D. Barras, the
administrator, and to require him, said administrator, to
account to the next-of-kin for the sum so allowed by the
Surrogate.

The petition sets forth the filing by said administra-
tor of his account, objections thereto, and a reference to
an auditor, and a decree entered thereon December 21,
1877; that in said account, the administrator claimed the
amount of certain demands or obligations alleged by him
to be due to him as a creditor of the estate, which were
disputed and contested by the next of kin; that the
auditor reported adversely to said claims, but they were
allowed by the decree and adjudicated upon by the Sur-

[*] See § 2739 Code of Civil Procedure.

rogate, and that such adjudication was without jurisdiction and void. That on September 20, 1879, the said administrator filed his final account, to which petitioners filed objections, and the matter was referred to an auditor, and proceedings are still pending before such auditor, and prays that such decree,. so far as it adjudges the validity of such disputed claims, be vacated.

HENRY BISCHOFF, *for petitioner.*

DAVID MILLIKEN, *for administrator.*

THE SURROGATE.—The brief of the petitioners' counsel submitted, states the numerous authorities holding that this court is one of limited jurisdiction, and that if claims are contested or disputed, the Surrogate is ousted of jurisdiction to hear and pass upon them. Section 43, 3 *R. S.*, 96 (6 ed,), provides that no part of the property of the deceased shall be retained by an executor or administrator to satisfy his own debt or claim until approved and allowed by the Surrogate, and section 44 provides that such claim may be proved on the service and return of a citation for that purpose, or on the final account. (Williams *v.* Purdy, 6 *Paige*, 166.)

It is clear, therefore, that proceedings may be taken for the purpose of establishing the claim in behalf of the administrator, or that he may wait until his final accounting, when he may prove the same. This provision of itself is sufficient to warrant the conclusion, that, being objected to on the final accounting, the Surrogate has full power and authority to hear the proof, and pass upon the question. For it is to be done, in the language of the statute, on the final accounting, and it would be

absurd to hold that such final accounting must be suspended until a reference of the claim shall be made, or an action commenced for its recovery. Such a claim, being disputed on the final accounting, is not analogous to a claim disputed under the statute by *the representatives of the estate;* for there is no *such* dispute. It is the representative who *makes* the claim, and the statute clearly contemplates, on its being disputed, a trial of the question before the auditor or Surrogate. The proceeding seems to me to be analogous to that of determining a disputed claim, on an application for the sale of real estate to pay debts. (See Hopkins *v.* Van Valkenburgh, 16 *Hun*, 3.)

The motion must be denied.

Ordered accordingly.