NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—July, 1882.

MOYER v. WEIL.

*In the matter of the estate of* FELIX HEYMAN, *deceased.*

A Surrogate's court has no jurisdiction of an independent proceeding in-
stituted to compel payment of a debt alleged to be owing to an execu-
tor from his decedent's estate ; its power, in such a case, being solely
derived from Code Civ. Pro., § 2739, which permits the representative
to prove the debt on a judicial settlement of his account—differing in
this respect from the former statute (L. 1837, ch. 460, § 37), which al-
lowed, also, a special citation for that purpose.

The chief object of our statute as to ancillary administration of estates
(Code Civ. Pro., § 2695, etc.) is to protect the claims of creditors resid-
ing in this State.

As to whether, in cases of such administration, a Surrogate's court of this
State has jurisdiction to pass upon or direct payment of the claims of
foreign creditors, or of legatees or distributees, *quære.*

PETITION of Michael Moyer, ancillary executor of de-
cedent's will, for the allowance of a claim of about $15,000,
against decedent's estate. Opposed by Sarah Heyman
Weil and others, next of kin of decedent. The facts ap-
pear sufficiently in the opinion.

H. A. KINGSBURY, *and* STERN & MYERS, *for petitioner.*

BENNO LOEWY, *for Sarah H. Weil and others, respondents.*

THE SURROGATE.—In January, 1881, the will of the
decedent was admitted to probate in Philadelphia, Penn-
sylvania, where he died. This petitioner was named as
executor, and letters testamentary were issued to him
accordingly. In April of the same year, he was granted
ancillary letters by this court. In the present proceed-

ing, he alleges that he is a creditor of decedent's estate in the sum of $15,000, and he asks for the allowance of that claim by this tribunal.   The petitioner is a resident of Philadelphia, as was the decedent at the time of his death, and it is not disputed that the cause of action in the plaintiff's favor arose, if at all, in that city.   In one of the papers presented upon this motion, the total value of the estate is mentioned, but there is no averment as to the value of the assets which are within this State, nor does it appear what ratio such assets bear to the entire property.

This application has been opposed on various grounds: 1. It is claimed to be barred by the Statute of Limitations.   In the view which I take of the case, that objection need not be considered.  2. It is insisted that, in such a proceeding as has here been instituted, this court has no jurisdiction to grant the relief prayed for.

I am disposed to think that this claim is well founded. The Surrogate's power in the premises seems to be solely derived from section 2739 of the Code of Civil Procedure. That section declares that a debt from a decedent to an executor may be proved upon a judicial settlement of the executor's account.   There is no statutory authority for making such proof at any other time, and the decisions cited by counsel for the executor, in support of his contention that the matter may be determined in a proceeding commenced for that very purpose, are not applicable to a case like this.

He refers to Barras v. Barras (*4 Redf.*, *263*), and Kearney v. McKeon (*85 N. Y.*, *137*).   These cases both arose before the adoption of the Code, and while chapter 460 of the Laws of 1837 was in force.   Section 37 of that act (which

appears as section 44 of title 3, chapter 6, part 2, Revised Statutes, in *3 Banks, 6th ed., 96*) expressly provided that the claim of an executor might be proved, either on the return of a citation for that purpose, or on final accounting. But that act was repealed by chapter 245 of the Laws of 1880. I am, therefore, disposed to think that this court has no jurisdiction to entertain petitioner's application, as it is here presented.

Even if I thought otherwise, however, upon this question, I should feel bound to deny the petition.

The chief object of the provision in our statutes as to ancillary administration of estates is, as it has always been, to preserve and protect the claims of creditors residing in this State. Section 2698 of the Code requires that citation must issue to all such creditors, before ancillary letters can be granted. And section 2699 provides that the penalty of the bond which must be executed before the issuance of the letters, may, in the Surrogate's discretion, be limited to a sum sufficient to secure the amount which seems to be due to residents of this State. Indeed, the only authority which is expressly given to the Surrogate, to direct any other disposition of funds in the hands of one holding letters ancillary, than the transmission of the same to the State or country where the principal letters were granted, relates solely to domestic creditors. Section 2701 gives this court discretionary power to direct the payment, out of moneys received in this State, of such debts as the decedent owed to our own residents, but there is no similar provision for the discharge of any other demands.

It may well be doubted, therefore, whether, in cases of ancillary administration, claims of foreign creditors, or

of legatees or persons entitled to distributive shares, can ever be passed upon in this tribunal, and whether the Surrogate has jurisdiction to direct their payment under any circumstances. This is a question, however, which it is not now necessary to decide. For it is entirely clear that, if I have any authority at all in the premises, it is a discretionary authority, and the circumstances of the present case are not such as to justify its exercise in favor of the petitioner. That it is purely a matter of discretion whether a court of competent jurisdiction, in the state where ancillary letters have been issued, will direct administration upon the local assets, or will order their transmission to the foreign jurisdiction, has been repeatedly declared by our courts (Parsons v. Lyman, *20 N. Y., 103;* Fox v. Carr, *16 Hun, 440;* Trimble v. Dzieduzyiki, *57 How. Pr., 213;* Despard v. Churchill, *53 N. Y., 192;* Harvey v. Richards, *1 Mas. C. C., 413*). And unless there is some special reason for the adoption of a different course, it is manifestly wiser to remit the funds of an estate to the place of the principal administration.

No special reason is shown, in the present case, for invoking the aid of this court, in behalf of one who is a resident of the state in which the will was admitted to probate, and is the principal executor of that instrument.

Motion denied.