In the Matter of the Probate of the Last Will and Testament
of ALFRED F. DUNHAM, Deceased.

Probate of a codicil to the will of D..was contested on the ground of undue
    influence, restraint and mental incapacity; it gave to M. a legacy large
    in proportion to the value of the estate; J., who was a specific and resi-
    duary legatee under the will, was called as a witness by the contestants,
    who offered to prove by him conversations and transactions of D. with
    the witness and with others in his presence, all of which was excluded
    as incompetent under the Code of Civil Procedure (§ 829).   *Held,* no
    error; that the communications with others in the presence of the wit-
    ness were to be deemed made to him.

· (Argued June 6, 1890; decided June 17, 1890.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an
order made May 14, 1888, which affirmed a decree of the
Surrogate's Court of King's county admitting to probate the
will and codicil thereto of Alfred F. Dunham, deceased.

No contest was made as to probate of the will.   Probate of
the codicil was contested on the ground of undue influence,
restraint and mental incapacity.   By the codicil an additional
legacy of $3,000 was given to Mary Nolte.   In all other
respects it confirmed and ratified the provisions of the will.

On the hearing before the surrogate, Daniel Jackson, who was a specific and residuary legatee under the will, was called as a witness by the contestants, who offered to prove by him various conversations and transactions between the decedent and the witness, and with others in his presence. These were objected to and excluded, the surrogate ruling that the testimony of the witness as to "every conversation with the deceased when this witness was present" was ruled out.

Further facts appear in the opinion.

*Edwin M. Fox* for appellant. The surrogate erred in excluding the testimony of the executor, Daniel Jackson, as to conversations with and declarations by testator in the presence of Mrs. Nolte, the proponent of contested paper. (*Schenck* v. *Dart*, 22 N. Y. 420.) The burden of proof was upon proponent to show the *bona fides* of the transaction. (*In re Smith*, 95 N. Y. 516.) The presumption of undue influence arising from the relation of the parties and the age, feebleness and disease of the testator not having been overcome by affirmative evidence, probate should have been refused. (*Rollwagen* v. *Rollwagen*, 63 N. Y. 504 ; Jarman on Wills, 38 ; *Swenarton* v. *Hancock*, 9 Abb. [N. C.] 326 ; *Cuvee* v. *Cornell*, 75 N. Y. 91 ; Redf. on Wills, 515.) When competent evidence is rejected, and it appears that the evidence was important and material, and the court of review cannot say that, notwithstanding the error, the judgment is right, or if it entertains a reasonable doubt, a case is presented where the party excepting is necessarily prejudiced, and the error requires a reversal of the judgment. (*In re Smith*, 95 N. Y. 517.)

*Jerry A. Wernberg* for respondent. It is not sufficient to establish the opportunity only to exercise undue influence, even with proof of interest, but affirmative acts must be shown which of themselves, or by just inference, establish either coercion or undue influence. (*In re Ellick*, 19 Wkly. Dig. 232.) Section 829 of the Code of Civil Procedure excludes

the testimony of all conversations and transactions with deceased by party in interest.

GRAY, J.   All the questions presented in this record were rightly disposed of in the courts below.   The only ones which, in my opinion, were of sufficient importance to demand consideration arose upon the exceptions of the appellant to the exclusion of the evidence of a witness, as to the conversations and transactions had by decedent with the witness and with others in the presence of the witness.   The witness was the nephew and both a specific and residuary legatee under the will of the testator.   The object of the proposed evidence could only have been to show undue influence, or restraint, exerted upon the deceased, or his mental incapacity; for it was offered by the contestant, under formal objections, upon these grounds, to the admission to probate of a codicil to the original will, by which there was given from the estate to the proponent of the codicil, respondent here, a legacy, relatively large in amount.   Therefore, while, as to any communications or transactions with the witness, the proposed evidence was plainly enough inhibited by section 829 of the Code, his testimony as to the conversations, or transactions, while he was present in the room, had between the deceased and other persons, was, under the circumstances, inadmissible.   In the case of *Holcomb* v. *Holcomb* (95 N. Y. 316), and more recently in the *Matter of Eysaman* (113 N. Y. 62), this court has given such a construction to this provision of the Code, as would prohibit a person interested in the event from giving such evidence. The ground for the ruling is that communications in the presence of the witness are deemed to be made to him.   While the ruling may be said to be stretched to the extremest tension, it has the merit, possibly, of being in furtherance of justice. The evidence is intended to work here against the respondent, who derives her interest under the testator's codicil, and whose lips are sealed by the law as to the matters; and to permit a witness, so much interested as this one was in the amount of the estate ultimately distributable, to testify to things said and

done by testator, though with others, but while he was present, with the only supposable purpose of affecting the interests of the respondent, would certainly seem to be giving an undue advantage to the one as against the other.   This is certainly true, if the evidence sought to be elicited is material in its bearing upon the question of restraint or influence upon testator, or upon his disposing strength of mind; while, if it is not material, the exclusion of the evidence has worked no prejudice to the appellant and, hence, would not require a reversal for error.   This section of the Code offers considerable difficulty, in the endeavor to give to its provisions a reasonable and just interpretation; and each case, as it arises, may, in its circumstances, control the application of the rule intended to be established by the legislature.   It suffices, as to this case, to hold that within the authorities cited by me the evidence was properly excluded.

The judgment appealed from should be affirmed, with costs to the appellant, to be paid out of the estate.

All concur, except Earl, J., dissenting.

Judgment affirmed.