## *In re* BARTHOLIC'S WILL.

*(Supreme Court, General Term, Fifth Department.* January 23, 1891.)

1. WILLS—UNDUE INFLUENCE—EVIDENCE.

A legatee, the housekeeper and personal attendant of testator, cannot testify as to transactions and communications in immediate connection with the execution of the will, seen and heard by her, as bearing on testator's capacity, and the question of undue influence and deceit practiced on him.

2. SAME—QUESTIONS OF FACT—TRIAL BY JURY.

Where the testator is enfeebled in mind and body by old age and disease, and it does not appear whether the will as executed was read to and understood by him, and where the writer wrote himself a legacy for $15,000, a decree admitting the will to probate will be reversed, and a trial by jury on these questions of fact will be directed as provided by Code Civil Proc. N. Y. § 2588, in such cases.

Reversing 5 N. Y. Supp. 842.

Appeal from surrogate's court, Monroe county.

Probate of the will of George A. Bartholic. Decree for probate. Contestants appeal. Code Civil Proc. N. Y. § 2588, provides that, when the reversal or modification of a decree is founded upon a question of fact, the appellate court must, if the appeal was from a decree upon a petition to admit a will to probate, or to revoke a probate, make an order directing a trial by jury upon the material questions of fact.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*J. A. Stull,* for appellants. *Theo. Bacon,* for respondents.

PER CURIAM. The writer of the will wrote himself a legacy of $15,000, and, although there was some evidence tending to show that he copied the instrument in part from a former draft of a will, the provisions of which were substantially dictated by the testator, it does not satisfactorily appear what changes were made by the writer of the new will, nor, in the absence of the testimony hereafter mentioned, whether the will, as executed, was ever read to, nor how far its provisions were understood by, the testator, who, at the time of its execution, was much enfeebled in mind and body by old age and disease.

The principal witness for the proponents, upon both the questions of testamentary capacity of the testator, and of undue influence or deceit, was another legatee for the sum of $5,500, who also stood in a confidential relation to the testator, as his housekeeper and personal attendant, and she was permitted to testify, under objection of the contestants, to many transactions and communications, especially in immediate connection with the execution of the will, seen and heard by her. The objections to the testimony of this witness were overruled upon the ground that such transactions and communications were not personal to herself, but only in her presence. The law now seems to be settled that this testimony was inadmissible. *In re Eysaman's Will,* 113 N. Y. 62, 20 N. E. Rep. 613; *In re Dunham,* 121 N. Y. 575, 24 N. E. Rep. 932. Such being the case, we have felt called upon, in our consideration of this appeal, to reject the testimony of the witness (Lizzie Wiggins) referred to; and, in its absence, as already intimated, a case upon the facts is not made to our satisfaction for the admission of this will to probate. We have therefore reached the conclusion that the decree of the surrogate should be reversed upon a question of fact, and that a trial by jury should be had of the material questions of fact arising upon the issues between the parties. Code Civil Proc. § 2588. So ordered. Order to be settled by the presiding justice.