In the Matter of the Final Accounting of SANFORD H. WEEKS, JR., as Executor, etc., of JOSEPH MATHEWS, Deceased, Appellant. ISAIAH WASHBURN, as Executor, etc., of MARY F. MATHEWS, Deceased, Respondent.

*Proof insufficient to establish a claim of an executor based upon his testator's note.*

An executor who presents a claim against his testator's estate founded upon a note payable to his order, purporting to have been made by the testator, who executed it by making his mark, which is witnessed by a person since deceased, is prohibited by section 829 of the Code of Civil Procedure from testifying to the execution of the note, or that the name of the witness subscribed to it was her signature, or that she subscribed her name at the request of the testator. The verified petition of the executor setting forth the making of the note and its non-payment is insufficient to support the claim.

APPEAL by Sanford H. Weeks, Jr., as executor, etc., of Joseph Mathews, deceased, from so much of a decree of the Surrogate's Court of the county of Westchester, entered in said Surrogate's Court on the 26th day of July, 1897, as disallows his claim upon a promissory note made by the said Joseph Mathews and delivered to him.

*Joseph C. Crane,* for the appellant.

*Thomas Lawrence,* for the respondent.

BRADLEY, J.:

The appellant, on his final accounting as executor, etc., of Joseph Mathews, deceased, presented his claim against the estate, founded

upon a promissory note alleged to have been made by his testator, payable to his order, the amount of which he sought to have allowed to him. By his verified petition, Weeks stated the making of the note and the non-payment of it. Upon objection filed by Isaiah Washburn, as executor, etc., of Mary F. Mathews, deceased, the matter was brought on to hearing before the surrogate, and determined adversely to the claimant. No proof was given of the execution of the note by the testator; and the evidence offered for that purpose and excluded was that of the claimant himself. The note purported to have been executed by the mark of the testator, witnessed by Mary F. Mathews. There was no testimony, other than that of the claimant himself, offered to prove the transaction of executing the note, or that the name of the witness subscribed to it was her signature, or that she subscribed her name at the request of the testator. This evidence was properly excluded as within the inhibition of section 829 of the Code of Civil Procedure. (*Matter of Will of Dunham*, 121 N. Y. 575.) The verified petition of the appellant was insufficient to support his claim founded on the alleged note. (*Williams* v. *Purdy*, 6 Paige, 166.)

The decree should be affirmed.

All concurred.

Decree of surrogate affirmed, with costs.