WEEKS v. WASHBURN.

(Supreme Court, Appellate Division, Second Department. December 21, 1897.)

1. COMPETENCY OF WITNESS—TRANSACTIONS WITH DECEDENT.
    The testimony of an executor, upon his final accounting, to the effect that a certain note, made to his individual order, purporting to have been executed by the mark of the testator, and witnessed by a person since deceased, whose signature was not proved, was in fact executed by the testator, is properly excluded, under Code Civ. Proc. § 829.

2. ADMINISTRATION OF ESTATE—PROOF OF CLAIM.
    In such a case the verified petition of the payee, stating the making and nonpayment of the alleged note, is insufficient to support his claim founded thereon.

Appeal from surrogate's court, Westchester county.

In the matter of the final accounting of Sandford H. Weeks, Jr., executor of Joseph Mathews, deceased, Isaiah Washburn, as executor of Mary F. Mathews, deceased, filed objections. From the decree of the surrogate's court, Weeks appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Joseph C. Crane, for appellant.
Thomas Lawrence, for respondent.

BRADLEY, J.   The appellant, in his final accounting as executor, etc., of Joseph Mathews, deceased, presented his claim against the estate, founded upon a promissory note alleged to have been made by his testator, payable to his order, the amount of which he sought to have allowed to him.   By his verified petition Weeks stated the making of the note, and the nonpayment of it.   Upon objection filed by Isaiah Washburn as executor, etc., of Mary F. Mathews, deceased, the matter was brought on to hearing before the surrogate, and determined adversely to the claimant.   No proof was given of the execution of the note by the testator, and the evidence offered for that purpose, and excluded, was that of the claimant himself.   The note purported to have been executed by the mark of the testator, witnessed by Mary F. Mathews.   There was no testimony, other than that of the claimant himself, offered to prove the transaction of executing the note, or that the name of the witness subscribed to it was her signature, or that she subscribed her name at the request of the testator.   This evidence was properly excluded, as within the inhibition of section 829 of the Code of Civil Procedure.   In re Dunham, 121 N. Y. 575, 24 N. E. 932.   The verified petition of the appellant was insufficient to support his claim founded on the alleged note.   Williams v. Purdy, 6 Paige, 166.

The decree should be affirmed.   All concur.