DOLAN v. LEARY et ux.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

1. DEED—EXECUTION—LOSS—SUFFICIENCY OF EVIDENCE.
　　Plaintiff's wife died owning the real estate in question, which descended to defendant, as her only heir at law. In a suit by plaintiff to compel defendant to convey the property to him, plaintiff testified that during his wife's life he prepared two deeds, one conveying the property to a third person, and another conveying it back from the third person and wife to plaintiff and wife jointly; that the deeds were in his possession until shortly before his wife's death; that afterwards he looked for them, but they were gone. The third person and his wife both testified that no such deeds had been executed to or by them. *Held*, that even if plaintiff's testimony was competent, within Code Civ. Proc. § 829, relating to testimony against decedents, a finding that the wife died possessed of the premises would not be disturbed.

2. TESTIMONY AGAINST DECEDENTS—ADMISSIBILITY.
　　Where a wife in the presence of her husband deeds land to a third person, and the latter immediately reconveys jointly to husband and

wife, the transaction being intended to give the husband an interest in the wife's property, he is precluded on the wife's death and the loss of the deeds from testifying in relation thereto, as against her heirs, by Code Civ. Proc. § 829, relating to testimony against decedents; the transaction being a personal transaction between himself and deceased, notwithstanding the use of the intermediary.

Appeal from special term, Kings county.

Action by Hugh F. Dolan against Jeremiah Leary and wife. Judgment for defendants on the merits (68 N. Y. Supp. 91), and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William S. Maddox (Stewart Chaplain, on the brief), for appellant. George G. Reynolds, for respondents.

HIRSCHBERG, J. The plaintiff sues to recover a judgment determining that he is the owner of certain real estate in Brooklyn, and to require the defendants, Jeremiah Leary and wife, to convey the title to him. The real estate was owned during her lifetime by the plaintiff's wife. On her death, which occurred February 3, 1900, it descended to the defendant Jeremiah Leary, as her only heir at law. But the plaintiff claims that his wife deeded the property on May 2, 1891, to one Jeremiah F. Leary, Jr., and that the latter and the latter's wife on the same day deeded it to the plaintiff and the plaintiff's wife as joint tenants; he succeeding to the fee on her death, by survivorship. The deeds were never recorded, and the plaintiff claims that they are lost, and the controversy hinges on the proof of their existence. The plaintiff offered no proof but his own evidence, and, if he can maintain the action, there is nothing in section 829 of the Code of Civil Procedure to prevent a claim of title by purchase to the real estate of a deceased person from being successfully supported by the uncorroborated oath of the claimant to the effect that he once had in his possession a deed of the property, bearing the genuine signature of the deceased. Such a result is clearly in conflict with the spirit of the section cited, and I think, also, with the letter. The plaintiff was permitted to testify that he prepared the two deeds, one conveying the property from his wife to Jeremiah F. Leary, Jr., as the conduit through whom she designed to make the transfer, and the other conveying the property from said Leary and wife to the plaintiff and wife jointly; that these deeds were in his possession until shortly before his wife's death; that all the signatures were genuine; and that after his wife's death he looked for the deeds in the place where he had been accustomed to keep them, but found they were gone, and he has never since seen them. On the other hand, both Jeremiah F. Leary, Jr., and his wife testified that no such deed had ever been executed to or by them. The decision of the learned trial justice finding that the plaintiff's wife died seised of the premises in question is an adoption of the truth of this testimony; and, even assuming that the plaintiff's evidence is competent, it certainly does not furnish such a preponderance as would justify a reversal.

The chief question presented on the appeal, however, is the propriety of a ruling by which other evidence of the plaintiff was rejected. He claimed to have been present at the execution of the deeds, and offered to testify to the occurrence. The ruling rejecting such evidence was undoubtedly correct. The transaction which he sought to prove was one directly between his wife and himself,—a transaction by which she sought to convey to him an interest in her real estate. The fact that the conveyance was to be through 'an intermediary did not make it any the less a personal transaction. It only required that two steps should be taken instead of one, but both were essential to the completed transaction; and, being taken in the plaintiff's presence, each step constituted a personal transaction between himself and the deceased, and he is accordingly precluded by section 829 of the Code from testifying in relation to it in support of the claim founded on it. It would be profitless to marshal and to analyze the many authorities on the subject, not always in entire harmony, if not actually conflicting. It is sufficient that none of them permits an interested party to establish his claim against a deceased person by his own evidence as to what such person did or said to him, or did for his benefit in his presence. In re Bernsee's Will, 141 N. Y. 389, 36 N. E. 314, is a recent case in point. There it was sought to prove the publication of a will by the evidence of a beneficiary under it; and it was held that although he took no part in the conversation, which was wholly between the testatrix and the attesting witnesses, he was not competent to testify, inasmuch as what then occurred was a transaction between the testatrix and himself, within the meaning of the Code. Although the judgment was not reversed, as the error did not affect the result, the language of Chief Judge Andrews at page 392, 141 N. Y., and page 315, 36 N. E., seems pertinent to the present inquiry:

"What occurred at that time was a transaction between the testatrix and the witness, within the meaning of section 829 of the Code, although he took no actual part in the conversation, and it was wholly between the testatrix and the attesting witnesses. If active participation in the conversation was necessary to exclude an interested witness, and he should, as an observer, be permitted to testify to transactions in form between the deceased and third persons, although such transactions were in his interest, it would furnish an easy and convenient method, in every case, of evading the statute. The decisions have enforced the spirit of the statute by excluding such evidence, and have treated transactions between the deceased and third persons in the presence of interested parties as if the witness actually participated therein. Holcomb v. Holcomb, 95 N. Y. 316; In re Eysaman's Will, 113 N. Y. 62, 20 N. E. 613, 3 L. R. A. 599; In re Dunham, 121 N. Y. 575, 24 N. E. 932."

In this case I think the plaintiff did actually participate in the transaction. The transaction was the transfer of property from his wife to him. He was there for the purpose of receiving the deed which would be his muniment of title. The fact that two deeds were employed in consummating the transaction does not affect the principle involved, or render him, during any stage of the transaction thus accomplished in his presence, other than an active, present, and interested participant. He could accordingly no more testify to what took place than he could have done if his wife had executed a deed

to him directly, and had caused it to be then and there delivered to him by a third person. It is not claimed that his evidence would have been competent under the conditions last suggested, and it is impossible to see how it can be made competent by the fact that the third person is his wife's grantee and his grantor, and as such is engaged in taking part in the very transaction which is the subject of investigation. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.