LAFAYETTE L. BURDICK, Appellant, *v.* MARY E. BURDICK et al., Respondents.

EVIDENCE — CODE CIV. PRO. § 829 — WHEN INTERESTED PARTY PRO-HIBITED FROM GIVING TESTIMONY EXPLAINING TRANSACTION BETWEEN DECEDENT AND THIRD PARTY. Where the plaintiff has shown, in an action brought to set aside a deed executed by a decedent, upon the ground that the deed was obtained by the grantee without consideration and by undue influence, that after the grantor had conveyed the property to the grantee he executed and delivered, in her presence, a lease of the property to a third person, and the grantee has testified in her own behalf that she was present and heard the conversation between her grantor and the tenant, she is precluded, under section 829 of the Code of Civil Pro-cedure, from giving any testimony relating to the transaction for the pur-pose of explaining the lease.

*Burdick* v. *Burdick,* 86 App. Div. 383, reversed.

(Argued December 15, 1904; decided January 17, 1905.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered August 5, 1903, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Leonard J. Reynolds, Edmund R. Wilcox* and *John M. Wellbrock* for appellant. No errors were committed upon the trial in the admission or exclusion of evidence. (*Clift* v. *Moses,* 112 N. Y. 426; *Tooley* v. *Bacon,* 70 N. Y. 34;

*People* v. *Wilkinson*, 14 N. Y. Supp. 827; *Daniels* v. *Patterson*, 3 N. Y. 47; *Matter of Bateman*, 145 N. Y. 623; *Smethurst* v. *Proprietors*, 148 Mass. 261; *Kern* v. *Bridwell*, 119 Ind. 226; Abbott's Trial Brief [2d ed.], 228; Ellicott on App. Pro. § 743; *Scotland Co.* v. *Hill*, 112 U. S. 183; *Smith* v. *Gorham*, 119 Ind. 436; *Gerard* v. *Cowperthwait*, 2 Misc. Rep. 371.) There is evidence to support each material finding of fact, and the conclusions of law are supported by said findings. (*Cowee* v. *Cornell*, 75 N. Y. 91; *Green* v. *Roworth*, 113 N. Y. 462; *Barnard* v. *Gantz*, 140 N. Y. 249.)

*Andrew F. Van Thun, Jr.*, for respondents. The exception to the rejection of defendant's testimony whereby she sought to explain the making of the lease was well taken. The question was proper; the evidence thereby sought to be introduced was relevant, material and competent, and the witness was competent under section 829 of the Code of Civil Procedure. (*Martin* v. *Hillen*, 142 N. Y. 140; *McLaughlin* v. *Webster*, 141 N. Y. 76; *Lewis* v. *Merritt*, 98 N. Y. 206; *Flick* v. *Penfield*, 82 App. Div. 616; *Oliver* v. *Freligh*, 36 Hun, 633; *Holcomb* v. *Holcomb*, 95 N. Y. 316.) The evidence sought to be introduced by the defendant Burdick was competent and material, irrespective of the provisions of section 829 of the Code of Civil Procedure. (*Nay* v. *Curley*, 113 N. Y. 575; *Herrington* v. *Winn*, 60 Hun, 235; *Hackstaff* v. *Hackstaff*, 82 Hun, 16; *Klock* v. *Brennan*, 82 Hun, 262; *Hopkins* v. *Clark*, 90 Hun, 4; *Todd* v. *Vaughan*, 90 Hun, 70; *Grattan* v. *M. L. Ins. Co.*, 92 N. Y. 274; *Grey* v. *M. S. Ry. Co.*, 165 N. Y. 457; *Bayliss* v. *Cockroft*, 81 N. Y. 364; *Davis* v. *Marvine*, 160 N. Y. 269; *Cassidy* v. *Uhlmann*, 163 N. Y. 380.)

CULLEN, Ch. J. The action was brought by the plaintiff as a son and heir at law of Winslow M. Burdick, deceased, to set aside a deed of certain real property in the city of Brooklyn executed by said Burdick to his daughter-in-law, the defendant Mary E. Burdick, as obtained by fraud and undue influence

while the said grantor was of unsound mind. The trial court found that the value of the real estate was $12,000, subject to a mortgage for the sum of $5,000; the consideration mentioned in the deed was the sum of $250; that the grantor at the time of the conveyance was in feeble health and of unsound mind and that the deed was obtained from him by the grantee, with whom he was then residing, without any consideration and by undue influence. Judgment was awarded the plaintiff setting aside the deed as fraudulent and void. On appeal the Appellate Division reversed the judgment of the trial court and granted a new trial. From that order an appeal is taken to this court.

As the order of the Appellate Division does not recite that it was made upon the facts it must be presumed under section 1338 of the Code of Civil Procedure that the judgment is reversed solely for errors of law, the findings of fact of the trial court being left undisturbed unless any of such findings was wholly devoid of evidence for its support. There can be no question in this case as to the sufficiency of the evidence to sustain the findings and of the findings to support the judgment. Therefore, any error on the trial, if error there was, must have been committed in the rulings of the trial court on the admissibility of evidence. There is but one such ruling that needs discussion and that is the one on which the Appellate Division reversed the judgment. The plaintiff had shown that after the deceased had conveyed the property to the defendant Mary Burdick, he executed and delivered in her presence a lease of the same to a third party. This was proved by the testimony of the tenant to whom the lease was made. Mary Burdick was called as a witness on her own behalf. She was asked : " Q. Did Mr. Burdick (the deceased) tell you about the making of this lease ? A. I was present and heard the conversation." At this point the plaintiff's counsel objected and the objection was sustained, the court saying : " The witness is incompetent to testify to any transaction with the deceased." The defendant's counsel then said : " This lease has been offered in evidence. I think it

makes her (the witness) competent to explain it." To which the court replied: "I am compelled to disagree with you. She cannot testify to any conversation or transaction with the deceased. You have my ruling and you have an exception. It is a direct violation of the provisions of law." The exception was taken. The learned Appellate Division thought that this ruling of the trial court was broad enough to exclude any explanation that the witness might give for her acquiescing in the lease of the premises by the deceased after the deed to her regardless of whether such explanation involved a personal transaction with the deceased or not. We cannot see any justification of such an interpretation of the colloquy which has been narrated. The ruling of the court was plainly based on the incompetency of the witness to testify to personal transactions with her deceased grantor. The question, out of which the ruling of the court arose, called for such a transaction, and there was no intimation from the counsel for defendant that he expected to prove by the witness an explanation for her conduct arising out of other than personal transactions with the deceased. On the contrary, he very frankly stated on the argument in this court that he wished to prove by the witness that the reason she did not interfere with the lease was that by the terms of the agreement between her and the deceased the deceased was to enjoy the property as long as he lived. The witness being a party to the action was incompetent to testify to such transactions under section 829 of the Code, and it is settled by authority that such a disqualification includes conversations or transactions between the deceased and third parties, at which the witness was present, even though she did not take part therein. (*Holcomb* v. *Holcomb*, 95 N. Y. 316; *Matter of Eysaman*, 113 N. Y. 62; *Matter of Dunham*, 121 N. Y. 575; *Matter of Bernsee*, 141 N. Y. 389.) The ruling of the trial court was, therefore, correct. The fact that the plaintiff proved a personal transaction between the deceased and the defendant did not render the defendant a competent witness to that transaction under the Code, where the transaction was proved by the testimony of a third party.

The order of the Appellate Division should be reversed and the judgment of the Special Term affirmed, with costs in all courts.

GRAY, O'BRIEN, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Order reversed, etc.