NEIL O'MARR and Others, Plaintiffs, *v.* BRIDGET BELLE McLEAN and Others, Defendants.

Supreme Court, Erie County, May 22, 1929.

*John L. Heider*, for the plaintiffs.

*William S. Rann*, for the defendants.

HINKLEY, J. One Sarah O'Marr died on the 5th day of September, 1906, owning a six and a half-acre farm in Angola, N. Y. The land was worth about $600, and contained at that time a substantial farm dwelling.

Both prior and subsequent to the death of Sarah O'Marr, her son Michael O'Marr, his wife and three children, the plaintiffs herein, occupied the premises as a home. The answering defendants are the living children of Sarah O'Marr and children of deceased children.

Eighteen years after the death of Sarah O'Marr there was filed for probate her will giving a life estate in the real property to her son Michael O'Marr, and thereafter a one-sixth to the plaintiffs and five-sixths to the answering defendants. For that period of eighteen years the will remained in the custody of the defendant Bridget Belle O'Marr, her husband and others, and was not brought to the notice of plaintiffs.

Subsequent to the death of Sarah O'Marr and prior to the filing of the will, the plaintiffs openly and with the knowledge of the answering defendants, made permanent improvements upon the dwelling aggregating $2,005.

The plaintiffs made these improvements in the belief that they were the owners of the property subject to the life estate of their father. When the knowledge of the contents of the will was for the first time disclosed to plaintiffs, sometime in the year 1924, they ceased to make improvements and thereafter commenced this action to impress a lien upon the property in their favor for the moneys so expended.

That such an equitable lien should in all fairness be granted is readily apparent from the facts. The three essentials of such a lien are present, to wit, good faith upon the part of plaintiffs in making the permanent improvements, an innocent mistake as to ownership and this action seeking relief in a court of equity.

There is ample authority for the granting of such relief. (*Thomas* v. *Evans*, 105 N. Y. 601; *Lyons Nat. Bank* v. *Shuler*, 199 id. 405, 410; *Satterlee* v. *Kobbe*, 173 id. 91, 99.)

True, the plaintiffs are in no position and do not seek to compel the carrying out of the promise of Sarah O'Marr, that, upon the death of their father, the real property would be theirs. It is likewise true that upon the death of Sarah O'Marr the plaintiffs had

no legal justification to believe that in the absence of any will of Sarah O'Marr they were the owners of the property, subject to their father's life use. Yet they made substantial, permanent improvements in entire good faith. They were honestly mistaken in their belief of ownership, but that mistake had for one of its contributing causes the failure of the defendant McLean to probate the will for eighteen years after the death of Sarah O'Marr. Testimony of plaintiffs as to conversations with deceased, Sarah O'Marr, was competent and received solely in substantiation of plaintiffs' good faith and honest intent. It is not a personal transaction out of which plaintiffs are making a claim against the estate. It is independent of any claim against the decedent or her estate as it existed at the time of her death.

Judicial interpretation of exclusion statutes requires the constant formulation of new rules and may never be complete. A clear statement of the rule may be found in the following language: " Furthermore, it has been held in several instances that since direct evidence of intention is now generally admissible in cases wherein intention is material, a witness may testify to his intention in doing a certain act, though the act itself is part of a ' transaction ' with the decedent. The apparent theory of such holdings is that the intention is severable from the transaction proper and is to be regarded as a mere incident. There is also some authority indicative of a rule in course of formulation to the effect that wherever the mental attitude of the witness is involved and is material, and testimony directly to such attitude of mind is admissible generally, it is not excluded as in itself a ' transaction ' with a decedent merely because with regard to such a transaction." (5 Jones Comm. Ev. [2d ed.] § 2263, p. 4371.)

While the court has in mind no authority in this State directly in point, it is apparent that in the following citations our courts have recognized the rule that proof of some act not involving a personal transaction with decedent may be substantiated by proof of intent arising out of a personal conversation with decedent which would otherwise be prohibited by section 347 of the Civil Practice Act: *Burdick* v. *Burdick* (180 N. Y. 261, 264); *Abbott* v. *Doughan* (204 id. 223, 226); *Beaver* v. *Beaver* (16 N. Y. Supp. 746, 747).

Neither the letter nor the spirit of section 347 of the Civil Practice Act prohibits the testimony so submitted for the purpose stated.

The court has been informed that the life estate of Michael O'Marr has been extinguished by his recent death.

Judgment may be entered decreeing that plaintiffs have a lien upon the real property in question for $2,005, with interest and costs.